Curia.

This proviso must have a construction consonant to the manifest intent of the legislature. When the creditor’s cause of action accrued, if he could not then sue with any prospect of benefit, because his debtor was without the jurisdiction of the state, having no property within it, the statute should not then begin to run ; for the creditor could not then take the body as a pledge, or seize the property as a security. But as soon as the creditor could have a beneficial remedy by suit, either by attaching the body or effects of his debtor, then the statute should begin to run. The statute therefore, in providing that the limitation should commence on the debtor’s return into the state, must intend such a return as would enable his creditor, using reasonable diligence, to arrest his body as security for the debt.
In the present case, it is true that the defendant came into Bridgewater, where he formerly lived, and remained there eighteen days. But he came privately, and secreted himself except on Sundays. The creditor, therefore, is chargeable with no neglect in not arresting him. It does not appear that he knew of his debtor’s being in Bridgewater; and if he had known it, he had no opportunity of arresting him. Under these circumstances, we cannot consider the defendant as having returned into the state, within the true meaning of the proviso. By returning into the state, must here be intended a return with a design again to dwell within the jurisdiction of the commonwealth, and not to lurk in it as a place of concealment.
The defendant must be defaulted, and the plaintiff have judgment according to the agreement of the parties (2).

 [Byrne vs. Crowningshield, 1 Pick. 263.—Ed.]