Per Curiam.

This is a clear case. The defendant was in the state in 1793 and in 1802, with the knowledge of the plaintiff, and in his company, and might have been arrested at the pleasure of the plaintiff. Either of those instances was 65 a return into this state,” within the proviso to the 5th section of the statute of limitations, and sufficient to cause the statute to commence running against the plaintiff’s demand. The word return applies as well to persons coming from abroad, where they had resided, as to citizens of this state going abroad for a temporary purpose, and then returning. (Ruggles v. Keeler, 3 Johns. Rep. 267.) The coming from abroad must not be clandestine, and with an intent to defraud the creditor by setting the statute in operation and then departing. It must be so public, and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence and due *472 m~ai~, of arresting the debtor. All that was done in this cas~ and the defendant is, accordingly, entitled to judgment.
Judgment for the defendant. (a)

 See White v. Bailey, 3 Mass. Rep. 271.