## THOMAS SHAPLEY *vs.* THOMAS FELT.

To a plea of *actio non accrevit infra sex annos*, in assumpsit, it is not sufficient to reply, that the defendant was out of the state at the time the cause of action accrued, and left no property in the state: the replication must allege, that he continued out of the state, till within six years before the commencement of the action.

In such a case, a rejoinder, "that more than six years before the commencement "of the action, the defendant returned into the state and resided within the same," was held to be sufficient, without alleging that the return was open, or that the plaintiff had notice of it.

ASSUMPSIT. The declaration contained several counts. The defendant pleaded in bar, that the several supposed causes of action, in the declaration mentioned, nor any of them, did not accrue to the plaintiff within six years before the commencement of the action.

To this plea the plaintiff replied,

I. That he ought not to be precluded from maintaining his action on the first count, because the cause of action, therein mentioned, did accrue within six years, &c., and upon this issue was joined.

II. That he ought not to be precluded from maintaining his action upon the second and third counts in his declaration, because, at the time the said causes of action in said counts mentioned accrued, the said *Felt* was without the limits of this state, and did not leave property or estate therein, that could, by the common and ordinary process of law, be attached.

To this the defendant rejoined, that after the said supposed causes of action, in the said second and third counts mentioned, accrued, and more than six years next before the commencement of this action, to wit, on the 2d November, 1814, he, the said *Felt*, returned into this state, and resided within the limits of the same.

To this rejoinder, the plaintiff demurred.

*N. Cook*, for the plaintiff.

*J. Parker*, for the defendant.

*By the court.*—The replication in this case is insufficient, both in form and in substance. It is double. 2 *Mass. Rep.* 81, *Perkins vs. Burbank.* But this is only a defect in form. It is however an objection to the matter of the replication, that there is no allegation, that the defendant continued out of the state, till within six years before the commencement of the action. *Story's Pl.* 82. We entertain no doubt, that this objection to the replication must prevail ; and, as this is the first fault in the pleadings, the defendant is entitled to judgment. 2 *Chitty's Pl.* 607.

But, as the plaintiff may move us to grant him leave to amend his replication, we have thought it might be useful to examine the rejoinder. It is objected, that the rejoinder contains no allegation, that the plaintiff had notice of the return of the defendant into this state, on the 2d November, 1814. But we are of opinion, that there is nothing in this exception. If the defendant returned and resided openly in the state, the statute of limitations began to run, whether the plaintiff had notice or not. It is also objected, that the rejoinder does not allege, that the defendant returned and resided openly in the state. It is not doubted, that a return of a debtor, from which the statute of limitations begins to run, must be such a return, as will enable his creditor, using

reasonable diligence, to arrest his body. *3 Mass. Rep.* 271, *White vs. Bailey.*—1 *N. H. Laws* 165. Yet still the manner of the return need not be alleged in the rejoinder. In proof, to support his rejoinder, the defendant must shew such a return, as the statute intended : but, in pleading, it is sufficient to allege generally a return. Such is the usual form of pleading. *Story's Pleading* 82.—*2 Chitty's Pl.* 663.

After this opinion was delivered, the plaintiff became non-suit.