## RANDALL *vs.* WILKINS.

Where the defendant is a non-resident of this state when the cause of action accrues and he afterwards comes into this state in an open and public manner, so that the plaintiff might, with ordinary diligence, have commenced his suit, the period of limitation commences to run from such return, though the defendant immediately afterwards go back to his foreign residence, and remain there till the commencement of the suit.

The provision declaring that the time of the defendant's absence from the state shall not be taken as any part of the period of limitation, is confined to cases of a departure from the state after the cause of action has accrued.

ERROR to the recorder's court of the city of Buffalo, where the cause was tried on an appeal from a justice's court.   Randall was the plaintiff and sought to recover the amount of a promissory note for $22,18, made by the defendant, and dated Buffalo, August 28, 1837, payable to Randall & Ramsdell or order, ninety days after date.   The plaintiff proved the making of the note and its endorsement by the payees.   The defence was the statute of limitations, of which notice had been given under the plea of *non-assumpsit.*

It appeared that the defendant, at the time of making the note, and ever since, had resided at St. Catharines, Canada West. It was proved that he was accustomed to come to Buffalo, where the plaintiff resided, three or four times every year, to purchase goods, and that he did so in each of the years from 1837 to 1840, inclusive; that he usually returned the same day on which he came, or the next, but upon two occasions, once in 1838, and again in that year or the next, he stayed from two to four days, and was publicly about in the principal streets, and transacted business at a store directly opposite the plaintiff's store. The defendant gave in evidence a receipt for money given to him by the plaintiff, dated March 6th, 1838, and signed by a clerk of the plaintiff. The clerk who signed the receipt was called and proved its execution by himself; that he supposed the defendant personally paid him the money, and that while he was in the plaintiff's employment as a clerk the defendant frequently dealt with him in that character at the plaintiff's store in 1837 and 1838. The plaintiff proved that he had caused inquiries to be made for the defendant at Buffalo, but had been unable to find him there, it having happened that when these inquiries were made at the place where the defendant had been, it was after he had left. The suit was commenced in October, 1846.

The court charged the jury that as the defendant resided out of the state when the cause of action accrued, the six years allowed for bringing the action would commence after the return of the defendant to the state, after the cause of action had accrued; that such return, to produce that effect, must be open and public, so as to enable the plaintiff in the exercise of ordinary diligence to cause process to be served on the defendant, and that it must be *bona fide*, and not with a view to putting in operation the statute of limitations; that if the period of limitation had commenced by such return, the action would be barred in six years from such commencement, though the defendant had gone back to his residence in Canada. The plaintiff desired that the jury might be instructed that the time of the defendant's absence from this state should not be taken as

Randall *v.* Wilkins.

any portion of the six years, but the court declined so to charge and the plaintiff excepted to the refusal as well as to the charge actually made. The jury found a verdict for the defendant, upon which the court rendered a judgment against the plaintiff, who brought error.

*J. H. Graham*, for the plaintiff in error.

*H. S. Cutting*, for the defendant in error.

*By the Court*, JEWETT, J. The question to be determined is, whether the court below gave a correct construction of the following provision of the statute of limitations: "If at the time when any cause of action specified in this article, shall accrue against any person, he shall be out of this state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." (2 *R. S.* 297, § 27.) It is not claimed that this statute began to run, until the defendant came into this state at the city of Buffalo, in the year 1838, or 1839; and it seems to be conceded by the counsel for both parties, that at that time the running of the statute against the plaintiff's demand commenced. The point in controversy is narrowed down to this: whether the time, during which the defendant, after that, was out of the state, and a resident of Canada, is to be deemed or taken as any part of the time limited for the commencement of the suit.

On the part of the defendant it is insisted that the statute having began to run by the defendant's coming into the state, the subsequent absence of the defendant did not prevent its continued running, and so the court below charged the jury. It is urged that the case of *Fowler* v. *Hunt*. (10 *John R.* 464,) and the case of *Larzalere* v. *Long*, of which we are furnished with a manuscript opinion, are decisive of the question. The

saving clause of the act of 1801, (1 *R. L.* 186, § 5,) was as fol-
lows : " And if any person against whom any cause of any
such action shall accrue, shall be out of this state at the time
the same shall accrue, the person who shall be entitled to such
action shall be at liberty to bring the same within the times re-
spectively above limited, after the return of the person so ab-
sent, into this state." In *Fowler* v. *Hunt*, to which I have
referred, this court held under this statute, that when a person
residing out of this state contracted a debt, and afterwards
came into this state, after the action had accrued, publicly, and
in such manner that the creditor, with ordinary diligence and
due means, might arrest him, it was a return into this state
within the meaning of that proviso, and that the statute began
to run from the time of such return. That was the only point
involved in the case of *Larzalere* v. *Long*, as appears from the
opinion of Ch. J. Nelson. That case was governed by the re-
vised statutes, and the construction which the court gave to the
first branch of the 27th section, is the same which was given
in this case by the court below. I fully concur in the principle
of these cases. The same construction is supported in *White* v.
*Bailey*, (3 *Mass. R.* 271,) and *Little* v. *Blunt*, (16 *Pick.* 359.)

The second branch of the section under consideration con-
tains a new and additional exception to the running of the
statute, applicable only to cases of a departure from the state
after the accruing of the cause of action. But it does not aid
the plaintiff in the slightest degree. The new provision is lim-
ited to cases where the statute had commenced running, prior
to the departure or absence of the defendant out of the state.
The first clause, as also the former statute, applied solely to
cases where, at the time the action accrued, the defendant was
out of the state. The object of the second branch of the sec-
tion was to provide, merely, that when the defendant departed
from and resided out of the state, after the action accrued, the
time of his absence should not be taken as any part of the time
limited for the commencement of the action. His return to the
state where he was a non-resident at the accruing of the cause

of action, puts the statute in motion; after which there is 1 o subsequent saving applicable to that case.   The court below was clearly right in its construction of the statute.

Judgment affirmed.