By the Court. Duer, J.
This is an action upon a bill of exchange, by the plaintiff as an indorsee, against the defendants as drawers. In addition to a count on the bill, the declaration contains the usual money counts. One of the defendants, Giles Babcock, has interposed several pleas ; and to his third plea, the plaintiff has demurred. On the part of the plaintiff, there are several replications to the second plea, and to the second and fourth of those replications, the defendant has demurred. It is *520 upon the issues of law joined upon these demurrers, that the cause has been heard ; and as no exceptions have been taken to the declaration, our attention will be confined to those that have been taken to the pleadings that are alleged to be vitious.
The third plea, omitting the introductory part, avers in substance that the several causes of action accrued to the plaintiff more than six years before the commencement of this suit, and that when they accrued, the defendant was a resident of the state of Louisiana, and was out of this state, and that after they so accrued, and more than six years next before the commencement of this suit, he returned into the state of New York. The plea is founded on the first clause of section 327 in that article of the revised statutes which relates to the time of commencing personal actions, (2 R. S. 297.) That clause provides in substance, that “ if at the time when any cause of action shall accrue against any person, he shall be out of this state, such action may be commenced within the terms before limited, after the return of such person into the state.” This provision is substantially a re-en-enactment of the law as it formerly existed. It was originally borrowed from the English statute of Queen Anne (4 and 5 Anne, c. 15, sec. 19,) and the exception which it creates, however doubtful the interpretation may seem,—it appears to be settled, applies as well to non-residents, as to persons, who, although residents, were out of the state when the cause of action accrued. Such at least has been the law in this state, since the judgment of the supreme court in Ruggles v. Keeler, (3 Johns. R. 263,) although the English cases there cited, seem hardly to support that decision. The same construction has been given to the statute in Massachusetts. (Dwight v. Clark, 7 Mass. 515 ; Little v. Blunt, 16 Pick. 359.) The demurrer to this plea is special, and assigns five several causes of exception. The first cause is, that the plea is double, setting up two distinct and separate defences, viz.: 1st, that the causes of action did not accrue within six years next before the commencement of the suit; and 2d that when they accrued, the defendant resided in Louisiana^ and that the suit was not commenced within six years after his return. We are satisfied that the demurrer cannot be sustained upon this ground. A plea is not rendered double by an express *521 averment of facts that without such an averment, must have been implied ; the unnecessary averment may be rejected "as surplus-age, but cannot vitiate a plea otherwise valid. It was admitted by the counsel for the plaintiff, who argued the case with singular candor, as well as ability, that the objection of duplicity could not have been raised, had the plea been limited to the averments that the defendant was out of the state when the causes of action accrued, that he afterwards returned, and that more than six years had elapsed since his return, before the commencement of the suit: yet it is evident that these averments involve, by a necessary implication, the assertion that more than six years had elapsed since the causes of action accrued. An express averment of the same fact, has not the effect of introducing a new and distinct issue. It alters the form of the plea, but leaves the substance and meaning unchanged. The fact that more than six years had elapsed since the causes of action accrued, and more than the same period since the return of the defendant, were both necessary to be stated to complete the bar that the plea was intended to raise. Had the plea been framed, as it was insisted it should havebeen, the plaintiff might have replied, by takingissue upon either of these facts, and it is therefore certain that no separate defence is set up by the express averment.
In support of the objection we are now considering, we are referred to the case of Tuttle v. Smith, 10 Wend. 288, but, in reality, the decision in that case, so far from sustaining the objection, justifies us in overruling it. The plaintiff replied to an ordinary plea of the statute of limitations, that the defendant had made a new promise, and that the suit was commenced within six years after the promise was made; the defendant rejoined taking issue upon both facts, the new promise and the commencement of the suit within the period allowed by the statute. This rejoinder was the pleading demurred to, and the court held it to be double, upon the ground that the denial of either of the facts upon which issue was taken, would have been a complete answer to the replication:—but the replication was admitted to be valid, because those facts were necessary to be combined in one statement, in order to avoid the operation of the statute. There is a *522 perfect analogy between the replication in that case and the plea in the present.
The second cause of demurrer is, that the plea does not aver that when the causes of action accrued, the defendant resided out of this state, but only that he was out of the state at that time. This is a mistake; the plea does contain the averment in question, and had it been omitted, the omission would not have vitiated the plea. The statute is satisfied by an averment that the defendant was out of the state when the cause of action accrued. An opposite construction would confine its application to non-residents, whereas the only doubt has been whether it applied to them at all.
The next cause of demurrer is, that the .plea does not show that the defendant ever acquired a residence in this state, or ever ceased to be a resident of Louisiana, nor for how long a space of time he was within this state, and the reply is, that these averments were not merely unnecessary, but that their introduction would probably have vitiated the plea. They give a construction to the statute not justified by its language, and inconsistent with all the decisions. They imply that a debtor permanently residing in New Jersey or Connecticut, may in the transaction of his business, visit the city on every day of his life, and yet during his life, the statute never commence to run.
The fourth cause of demurrer is, that the plea does not negative the exception created by the second clause in the 27th section of the statute, the terms of which in the progress of our opinion will be fully stated. This objection must also be overruled. Where the statute of limitations is pleaded, it lies upon the plaintiff to aver, not upon the defendant to deny, the existence of facts that create an exception from the general rule that the statute establishes. It has, however, been decided by this court, that the particular exception to which this cause of demurrer refers, is never necessary to be stated in the pleadings, but that when issue has been taken upon a general plea of the statute, the facts that create the exception may be given in evidence upon the trial in contradiction of the plea. This decision was rested upon the peculiar words of the statute, and is fully justified by prior decisions of the supreme court in analogous *523 cases. (Graham's Executors v. Schmidt & Webb, 1 Sand. Sup. C. R. 74.)
The last clause of demurrer is that which was chiefly relied on, and merits the most consideration. It is that the defendant has not averred in his third plea that his return to this state was public, or that the plaintiff had due notice thereof, or could with due means and ordinary diligence have had process of law served upon him. The construction of the statute that is here assumed to be correct, is established by numerous decisions. It is fully settled, that where the debtor was out of the state when the cause of action accrued, his return, in order to set the statute in motion, must be such in its nature and duration, as to afford the creditor the opportunity of commencing a suit and prosecuting his claims. It must appear, when the return is pleaded, that it was either actually known, or was so public that with ordinary diligence, it might have been known to the plaintiff when it occurred. But although in order to give efficacy to the return, these circumstances must be proved on the trial, it by no means follows that they are necessary to be averred in the plea; on the contrary, the very cases that are justly relied on as showing the true interpretation of the statute, equally show that no such necessity exists. When a statute is pleaded, whether as conferring a right or sanctioning a defence, we have always understood that the safest, if not the necessary course, is to adopt and follow in the pleading, the very words of the law, and if we except the single case to which we shall hereafter refer, we are not aware that the efficacy of a plea which sets up a defence in the very words in which the defence is given by a statute, has ever been doubted. In very many cases, the interpretation that courts of justice have given to a statute, differs widely from the literal import of its language ; but it has never been thought necessary or prudent to depart from the language of the statute in order to conform a pleading to its known judicial interpretation; and the reason is evident. When the words are identical, it is the plain duty of the judges to give to them in the pleading, the same construction as in the statute. The plea in this case is in exact conformity to the statute; it says all that the statute requires to be said, and the word “ return” in the plea, has the same mean *524 ing as in the law. It means such a return as the courts have decided to be necessary, in order to set the statute in motion, and it is such a return that in order to sustain the plea, the defendant will be obliged to prove. It is not, however, to be denied that the objection we are now considering, is fully sustained by a recent decision of the supreme court in the, fourth judicial district, in the case of Cole v. Jessup, 2 Barbour, S. C. R. 309. In that case a rebutter, that the suit was not commenced within six years next after the return of the defendant, was held to be bad, from the want of an averment that the return was such as the law in similar cases requires to be proved; and this decision, were the judgments of this court now subject to a reversal in the supreme court, we should be bound to follow. Butin the exercise of its rightful jurisdiction, it is to the court of appeals only that this court is now subordinate, and although the decisions of the present supreme court must always be treated by us with great deference and respect, yet as they no longer preclude the exercise of our discretion, they cannot be admitted to control our action. We cannot surrender to their authority alone, without a plain dereliction of duty, our own deliberate convictions. We are therefore constrained to say that we cannot yield our assent to a decision which as it seems to us violates the established rules of pleading, and is inconsistent with all the prior decisions on this branch of the statute in the courts of the United States, of this state and of other states in the Union. (Faw v. Roberdeau, 3 Cranch, 174; Fowler v. Hunt, 10 Johns. 464; White v. Bailey, 3 Mass. 271; Little v. Blunt, 16 Pick. 369.)
In the cases to which we refer, it is expressly stated, that when a defendant seeks to avail himself of the statutory bar by pleading his return, he is bound to prove all the facts of which the existence is necessary to render the bar effectual, even where none of those facts, except by implication of law, have been averred in his plea. The want of such an averment cannot therefore be a valid cause of demurrer, since it is an elementary rule that an express averment of material facts is only necessary to be made, when it creates an obligation that would not otherwise exist of proving upon the trial the facts that it embraces. The averment is useless, if striking it out, the obligation remains. *525 The introduction of such, an averment may not vitiate a plea» but its absence can never justify a demurrer. It was truly said, by the very able judge who delivered the opinion of the court in Cole v. Jessup, that the burthen of proving the facts that the law requires to be shown, to render the return of a debtor effectual, as the origin of the statutory bar, is justly cast upon the defendant, and this observation was evidently the ground of the decision; but it escaped the attention of the learned judge and of his brethren, that according to all the prior decisions, the omission to aver these material facts neither lessens the obligation, nor shifts the burthen of proving them.
As all the exceptions to the third plea have now been examined and found insufficient, the demurrer is overruled.
We are next to consider the demurrers of the defendant to the second and fourth replications to his second plea.
The second plea is a plea of the statute of limitations in the ordinary form, namely, that the causes of action had not accrued within six years next before the commencement of the suit; and the object of the second and fourth replications is to repel the defence, by the allegation of facts which it is supposed will entitle the plaintiff to the benefit of the exception, that the second clause in § 27 of the statute was meant to create. There are objections both of form and substance to each of these replications, that in the result must compel us to allow the demurrers, but without adverting for the present to these objections, we shall proceed to explain our views in relation to the questions that the pleadings were intended to raise, and which upon the hearing were ably and learnedly discussed by the counsel. We adopt this course not only in compliance with the wishes of the counsel as then expressed, but that the plaintiff, should he think proper, may amend his replications in conformity to the opinion that we shall express.
The questions that we propose to consider are, 1st. Whether the new exception that § 27 creates, is confined in its proper application to persons who were residents in this state when the cause of action accrued; and 2d. Whether in the cases to which this exception applies, it is the first period of absence only, and not successive periods, that must be deducted and allowed.
*526 That the import of these questions and our observations in relation to them, may be properly understood, it will be necessary to transcribe, not only the clause containing the exception, which we are required to construe, but the entire section. It is in these words:
§ 27. “ If at the time when any cause of action specified in this article shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state.” “ And” (which is the clause now to be considered) “ if after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action
The first clause, as already stated, is a re-enactment of the existing law, but the second was introduced for the first time in the revision of 1830. It is not contained however, in the original report of the revisers and hence in judging of the meaning, we are deprived of the aid that their notes have frequently supplied.
After an attentive consideration of the clause, we have been unable to discover any valid, or even plausible, reason for confining its application to persons who were residing, or, without being residents, were within the state, when the cause of action accrued. Such assuredly is not the grammatical construction of the words, nor can we believe that the limitation of their obvious meaning, was contemplated by the legislature. Following the strict grammatical rule, the words “ such person,” can only be referred to the person last mentioned, that is a person who was out of the state when the cause of action accrued, and afterwards returned, thus wholly excluding residents from the exception that follows ; but if we reject this interpretation, as without hesitation we do reject it, as creating an unreasonable distinction between residents and non-residents,—the words “ such person ” must then be referred to the person first mentioned in the section, that is, any person against whom a cause of action shall accrue; and thus construed, both classes, residents and non-residents, or more properly speaking, persons within and persons out of the state, when the cause of action accrued, are plainly included. *527 It therefore seems to us impossible to deny, that in order to justify the limited construction that would confine the application of this clause to persons against whom the statute commenced to run, at the same time that the cause of action accrued, we must suppose that the legislature has omitted words, which, as necessary to carry into effect their manifest intention, it has become the duty of courts of justice to supply. We must add to the words “ such person,” the words “ being at such time an inhabitant of the state,” or others of equivalent import. That such an interpolation in some cases may be justified, and in many has been made, we do not deny; but we are fully convinced that in the construction of statutes, it ought never to have been allowed, and in fact has rarely been made, except when necessary to complete the sense or escape a flagrant absurdity. It ought never to be allowed, unless the intent which it is designed to effectuate, is manifest and unquestionable, and if we depart from this rule, judges ceasing to be the mere expounders, will become the makers of our laws. There is no pretence for saying, in the present case, that the interpolation which we reject, is manifested as the intention of the legislature, either by the terms of the statute or the certain design of its enactment, and for ourselves we are persuaded that its adoption, instead of effecting, would probably defeat, the intentions of the lawgivers, by creating a distinction that was never meant to exist.
In our judgment, to confine the application of the clause, to residents of the state, would be at least as unreasonable as wholly to exclude them and, looking merely to the words of the clause, far more so. We shall be better understood when we shall have explained our views as to the intention of the legislature, and the true construction of the entire section, as we propose to do, in considering the second question that has been stated.
That question is whether, when a person against whom the statute has commenced to run, departs from, and resides out of the state, the operation of the statute is only suspended until his return, or whether, if during his residence out of the state, there are successive periods of his absence, each must be deducted from the six years which the statute allows to a creditor for the commencement of ¿his suit. Upon the first interpretation, the first *528 return of the debtor not only sets the statute again in motion, but precludes its further suspense ; upon the second, the debtor who pleads the statute, must prove that, in the aggregate, deducting the period of each absence, he was six years within the state, after the cause of action accrued, and before the commencement of the suit. Each interpretation is consistent with the language of the statute; the first is the most literal, the second expresses, we believe, the true intention of the legislature, and therefore we adopt it. That it was the intention of the legislature to make an important change in the existing law, has never been doubted; and that we may judge of the nature and extent of the change that was intended, we must look at the actual condition of the law at the time it was proposed. Now there is one rule, that courts of justice, in construing those provisions in the statute of limitations that relate to personal actions, had uniformly followed, and which the words of that statute compelled them to follow, namely, that when the statute began to run, it continued to run, without interruption, until the terms of limitation that the statute prescribes had fully expired. The statute once attaching, no subsequent disability of plaintiff or defendant was permitted to suspend its operation. Thus if a debtor, (and it was undoubtedly the relation of debtor and creditor that the legislature had chiefly in view in altering the statute,) were in the state when the cause of action accrued, (whether the fact was known or not known to the creditors,) the satute commenced to run ; and although he departed the next day or hour, and remained out of the state during the whole residue of the six years allowed by the statute, the lapse of that period was held, in effect, to extinguish the debt, by creating an insuperable bar to its recovery. It is true if the debtor were out of the state when the cause of action accrued, his absence prevented the statute from beginning to run ; but his return, by setting the statute in motion, and prohibiting its future suspense, was productive of similar effects; he might remain within the state only a few days, depart and be absent, for the residue of the six years, and the creditor’s remedy was for ever barred.
That this rule was purely arbitrary, and that it was unequal and therefore unjust in its operation, will hardly be denied ; and *529 it is important to observe that its injustice was even apparent, and confessed upon the face of the law, as it then stood.
The only reason that can be assigned for permitting the absence of a defendant, when the cause of action accrued, to prevent the statute from beginning to run, is the inability of the plaintiff to prosecute his claims, during such absence, unless by resorting to a foreign tribunal; and admitting the justice of this exception, it seemed a necessary inference, that the same inability, when proceeding from the same cause, should be allowed to suspend the operation of the statute, in every case, in which it is proved to exist. In fewer words, if the absence of a defendant when the cause of action accrued, justly prevents the statute from beginning to run, it is equally just, that his absence, after the statute has commenced to run, should suspend its operation.
It is just that the same time and opportunity should be afforded to a plaintiff in all cases for commencing a suit in the courts of this state, that he actually possesses when the defendant is and continues to be a resident of the state. We believe that it was exactly this change that the legislature meant to effect and have effected. We believe that it was their intention to abolish the former, by the substitution of a different rule, more just in its principle and more equal in its operation, and just as universal in its application, embracing every case and all classes of defendants. The rule thus established, we understand to be, that every defendant who pleads the statute is bound to prove that, deducting each interval of his absence, he was within the state six years, (or a shorter period when a shorter is the statutory bar,) after the cause of action accrued, and before the commencement of the suit, and that the rule, thus expressed, is subject only to this single and reasonable modification, that where a defendant against whom the statute has begun to run, is a resident of the state and continues to reside therein, his occasional absences are not to be deducted in computing the statutory term. By this construction, the provisions of the statute- are rendered plain and consistent, and equal in their operation upon all classes of plaintiffs and defendants, and the change that is made is seen to be, and is vindicated as, real and important. By the opposite construction, that on which the defendant’s counsel insisted, the *530 change is rendered trivial and almost unmeaning, the provisions-of the statute obscure, and, in a measure, contradictory. The-former inequitable-rule continues in force as to all defendants-who were out of the state when the cause of action accrued, and,, in respect to residents, the rule is not abolished, but only slightly modified; the motives of a change thus partial and unimportant are not to be discovered, and all questions as to- the object and intentions of the legislature remain unanswered.
Hitherto, we have not adverted to the actual decisions upon this branch of the statute, and it is with some reluctance that we advert to them at all. They exhibit a conflict of opinions-which it is difficult to explain and impossible to deny, and which can only be terminated by a decision of the court of ultimate and, controlling authority.
The earliest case is that of Randall v. Wilkins, 4 Denio, 577. The defendant who pleaded the statute, resided out of the state, when the cause of action- accrued, and continued so to reside until the commencement of the suit, but in this interval he was at various times publicly within the state. The court held that his first return after the cause of action accrued, set the statute in motion, and that it continued to run from that time ;■—his subsequent departure from and residence out of the state not suspending its operation, thus necessarily deciding that the exception in the second clause of section 27, is only applicable to persons who are within the state when the cause of action accrues. Cole v. Jessup, (2 Barbour S. C. R. 309) a case to which we have before referred, in its material facts differs not at all from the preceding; but while the court in this case expressed no-doubt, and in fact decided that the new exception in the statute applies as well to non-residents as to persons within the state when the cause of action accrues, they held that successive absences cannot be accumulated, for the purpose of being deducted from the full period of time which the statute allows, but that the law is satisfied by deducting the first absence after the cause of action has accrued. They reférred, in support of this decision,, to a similar decision made by Mr. Justice Nelson, in the circuit court of the United States. (Dorr v. Swartwout, reported in 5 New York Legal Observer, page 172.) It is however,, to be ob *531 -served, that this decision was originally made with great hesitation, and we are credibly informed has since been overruled in -the same court.
Directly opposed to those which have been cited, are the decisions to which we shall next advert. The first of these is Burroughs v. Bloomer, a case not hitherto -reported, but which was decided by the judges of the supreme court as formerly organized, during the last year of its constitutional existence.(a) We have been «furnished with a copy in MS. of the opinion of the court in this case, from which it appears, that although the questions raised were substantially the same as in the cases first quoted, the conclusions of the judges were widely different.
The learned judge who delivered this opinion, examines critically, and in the result wholly repudiates, the opinion of Mr. Justice Nelson, in Dorr v. Swartwout; and the conclusions which he states, as the grounds of the decision of -the court, are, that where a defendant against whom a cause of action has accrued, departs from and resides out of the state, not only may successive absences be accumulated and deducted, but, in the judgment ■of law, he is deemed to be absent, during the whole period that he so resides, so that the running of the statute, not merely until he returns, but until he fixes again his residence in the state, is wholly suspended. We refer to this decision as plainly contradicting Randall v. Wilkins, and Cole v. Jessup, but are not to be understood as assenting to its novel doctrine of constructive absence.
In Didier v. Davison, (2 Barb. Ch. R. 477,)(b) we find, at last, that we are supported by high authority in the construction we have given to the statute. Chancellor Walworth is clear in the ■opinion, that the exception in section 27, embraces all defendants against whom a cause of action has accrued, and that where such a defendant has departed from and resides out of the state, each period of his absence, when there are several, must be deducted in determining the question whether the statutory term -of limitation has expired; and exactly the same construction must have been given to the statute by this court in the case of Graham’s Executors v. Schmidt, (1 Sand. Sup. C. R. 74,) since *532 it is the only construction by which the decision in that case can be explained and defended. Whether the sad uncertainty in which the true construction of the statute of limitation is now involved, will soon be dispelled, we know not; but if our own views shall finally be declared erroneous, we shall retain the satisfaction of knowing that they coincided entirely with those of Chancellor Walworth, and of the judges with whom we are now associated.
Although the general argument of the plaintiff’s counsel, in endeavoring to bring his case within the exception of the statute, has received our assent, it by no means follows that we can sustain the replications demurred to. They are fatally defective. The second replication is plainly argumentative. It leaves us to collect, by inference, material facts that ought to have been explicitly averred : it avers that the defendants resided in the state of Louisiana, when the causes of action accrued, but does not aver that they were at that time out of this state; and if at that time they were in this state, although residing in Louisiana, it was then that the statute began to run. Nor are the several departures from, and returns into the state of the defendants, stated with the precision and certainty that the law requires. Their existence is supposed, certainly, not averred.
To the fourth replication, we shall state a single but very decisive objection. It attempts to exclude the defence of the statute, by averring that the defendants were not residents within this state for a term of six years, in the aggregate, before the commencement of the suit, thus assuming that a residence of six years within the state, is necessary in all caees to complete the statutory bar,—a construction of the statute which, although not absolutely novel, we unhesitatingly reject, as repugnant alike to its' spirit and its language. Residence is not necessary in any case, either to set the statutory term in motion, or to continue, or revive, its currency.
In conclusion, the plaintiff’s demurrer to the third plea is overruled. The demurrers of the defendants to the second and fourth replications to the second plea are allowed, with liberty to the plaintiff to reply to the third plea, and to amend or withdraw his insufficient replications, within the usual time. We strongly ad *533 vise the plaintiff’s counsel, instead of amending, to withdraw entirely his replications, and content himself with a general traverse of the second plea, since it is quite certain, that under this traverse, he may give in evidence all the facts upon which he relies as overruling a defence upon the statute.
No costs are given, as we understood the counsel to agree that whatever might be our decision, none were to be claimed.

 Now reported in 5 Denio, 532.

 S. C. 2 Sandf. Ch. R. 61.