## Case No. 11,781.

### RICHARDSON et al. v. CURTIS.

[3 Blatchf. 385.] 1

Circuit Court, S. D. New York. Nov., 1855.

LIMITATION OF ACTIONS—RUNNING OF STATUTE—REMOVAL OF DISABILITY—COLLECTOR OF CUSTOMS—ACTION AGAINST.

1. The decision of this court in Dorr v. Swartwout [Case No. 4,010], as to the interpretation of the statute of limitations of the state of New York (2 Rev. St. p. 297, § 27), will be adhered to by this court, until it has authentic evidence that the interpretation of that statute has been definitely settled by the highest court of that state.

2. A collector, who had paid into the treasury monies collected by him officially for duties, was, by virtue of section 2 of the act of March 3, 1839 (5 Stat. 348), exempted from liability to be sued personally for the repayment of such duties. Such exemption continued until the passage of the act of February 26, 1845 (5 Stat. 727).

3. Where an action for the repayment of duties exacted by a collector, and paid by him into the treasury, between the time of the passage of the said act of March 3, 1839, and the time of the passage of the said act of February 26, 1845, was commenced within six years after the 26th of February, 1845: Held, that the claim was not barred by the New York statute of limitations.

This was an action [by Thomas Richardson and another] against [Edward Curtis] the collector of the port of New York, to recover back an excess of duties. It was commenced on the 13th of February, 1850. The defendant pleaded the statute of limitations. The plaintiffs replied to this plea: (1) That the defendant was absent, and resided out of the state, for several successive periods, amounting in all to twenty-three months; and that this suit was brought within six years and twenty-three months after the cause of action accrued; (2) that, from the 3d of March, 1839, to the 26th of February, 1845, the plaintiffs' right of action was suspended and taken away by the act of March 3, 1839; and that this suit was brought within six years next after the 26th of February,

1845, when their right of action was revived and in force; (3) that, on or about the 5th of April, 1844, the defendant paid over the monies exacted by him as collector, to the United States, on the condition, trust and agreement, that the United States should and would undertake and assume to bear, and be responsible for, all claims that should be made against him as collector, for monies received and exacted by order of the treasury department; that the monies in question were so exacted; and that this suit is, in fact, defended by the United States. The defendant demurred to the replications; and the plaintiffs joined in demurrer.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

BETTS, District Judge. One point raised by the demurrer respects the method by which the successive absences of the defendant from the state, and his intermediate residences within the state, between February 14th, 1843, and March 16th, 1844, are to be estimated and applied, under the pleadings, in determining whether the action is barred by the state statute of limitations. The duties levied at the custom-house, and sought to be recovered back in this action, were paid by the plaintiffs to the defendant at several dates, between February 14th, 1843, and March 16th, 1844. The defendant ceased to be collector, July 8th, 1844. His absence from the state commenced in May, 1846, and was continued, at intervals, until June 5th, 1850—making, in the aggregate, an absence of twenty-three months.

Another point presented under the pleadings is, whether the period between March 3d, 1839, and February 26th, 1845, is out of the statute of limitations, because of the suspension of the plaintiffs' right of action during that time. It is admitted, on both sides, that if the whole period of the absences of the defendant is computed and allowed to the plaintiffs, no part of their demand is barred by the statute of limitations.

The provisions of the state statute are these: "If, at the time when any cause of action specified in this article shall accrue against any person, he shall be out of this state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." 2 Rev. St. p. 297; § 27. In Dorr v. Swartwout [Case No. 4,010] this court considered the state act as giving a party suing for a debt a similar right, in avoidance of the legal limitation of his action, whether the debtor was absent from the state when the cause of action accrued or left the state thereafter.

---

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

The first clause of the 27th section above quoted, is the familiar and long established law of the state. It is not questioned, in this case, that both residents and non-residents come within its provisions; nor that a non-resident debtor who is out of the state when the debt accrues, must be proceeded against within six years after his first return to the state, to deprive him of the benefit of the statute of limitations. The particular provision under consideration is not an independent statute. It is appended to a re-enactment of the former law, combining the two clauses into a single section. The first provides for the case of a debtor who is out of the state when a cause of action accrues against him; and the second for that of a debtor going out after a cause of action has accrued. There is nothing in the terms of the paragraphs palpably demanding a differing construction of the provisions adapted to these two conditions.

The courts of the state have been in marked discord in their interpretation of the latter clause, and treat it as a question of deep perplexity. It is certain that the views of courts of co-ordinate authority are in irreconcilable conflict upon the point.

In May term, 1847, the supreme court of the state decided that the statute of limitations began to run under the second clause of section 27, on the first return of the debtor within the state, and continued running, notwithstanding subsequent absences. Randall v. Wilkins, 4 Denio, 577.

In December of the same year, Chancellor Walworth put an opposite construction upon the clause, holding that, in case of repeated absences of the debtor from the state, the whole were to be combined, and that the bar of the statute was not perfect unless the defendant's residence in the state for six complete years after his first return, was established. Didier v. Davison, 2 Barb. Ch. 477. The chancellor did not advert to the prior case of Randall v. Wilkins, decided by the supreme court.

In January, 1848, the supreme court, in a labored and able opinion, maintained the doctrine declared by the same court in Randall v. Wilkins, but without referring to that case, or to Didier v. Davison, Cole v. Jessup, 2 Barb. 309.

In May, 1848, the same court decided the question against the decision of this court in Dorr v. Swartwout, and in conformity with the opinion of the chancellor in Didier v. Davison, but without citing the last case, or either of the two preceding adjudications in the supreme court. Burroughs v. Bloomer, 5 Denio, 532.

In Ford v. Babcock, 2 Sandf. 518, the superior court of the city of New York adopted the views of the supreme court in Burroughs v. Bloomer, and held that the bar of the statute did not continue to run after the first return of the debtor to the state, but was interrupted by after absences, the aggregate of which must be computed and deducted from the time since the cause of action accrued.

It was stated, on the argument before us, that Cole v. Jessup had been reversed in the court of appeals. We find no note of such decision in the reports of that court. We do not feel constrained, in the present position of the subject, to enter into a discussion of the relative weight of the discordant adjudications of the state tribunals, and shall leave the case of Dorr v. Swartwout to have effect, until we have authentic evidence that the interpretation of the statute is definitely settled by the court of appeals of the state.

The point is practically of no importance in this cause, because the plaintiffs' right of action is, in our judgment, preserved upon another ground. The defendant, under the circumstances stated in the pleadings, was, when his liability accrued, exempt by virtue of the 2d section of the act of March 3, 1839 (5 Stat. 348), from suit against him personally to compel him to repay duties collected by him officially, and paid into the United States treasury. Cary v. Curtis, 3 How. [44 U. S.] 236. This exemption continued until the act of February 26, 1845 (5 Stat. 727), was passed. Less than five years elapsed from that period to the institution of this suit.

The first payment of duties was exacted by the defendant from the plaintiffs, on the 14th of February, 1843, and the last of the series of payments on the 16th of March, 1844. At both of those periods the act of March 3, 1839, was in force, and the defendant, under its operation, was exempt from liability to an action by the plaintiffs in relation to the duties and imposts levied and received by him, and now sought to be recovered back. The earliest period at which he became suable, was the 26th of February, 1845; and, in our judgment, he is precluded from setting up the lapse of time anterior to that period in bar of the action.

Judgment for plaintiffs.