WILLIAM H. MILTON *vs.* JOHN BABSON.

Under Gen. Sts. c. 155, § 9, one who has never lived in this commonwealth, and who has been here only temporarily and occasionally, and less than six years in all, since the cause of action accrued, cannot avail himself of the statute of limitations in defence to an action upon a note given here.

CONTRACT upon a note signed by the defendant, dated Boston January 1, 1853, payable in ninety days after date to the order of Babson and Deacon. The writ was dated October 2, 1861,

and the plaintiff claimed as purchaser from the assignees in insolvency of the payees.

At the trial in the superior court, before *Allen,* C. J., it appeared that the defendant lived in Maine at the time of giving the note in suit, and has resided there ever since; that from 1853 to 1857 he visited Boston, which was the residence and place of business of the payees, quite frequently, and they generally knew of his visits. The chief justice ruled that these facts did not show that the action was barred by the statute of limitations, and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*S. Wells & S. Wells, Jr.,* for the defendant, cited Gen. Sts. *c.* 155, § 9; Rev. Sts. *c.* 120, § 9; *St.* 1786, *c.* 52, § 4; *Putnam* v. *Dike,* 13 Gray, 535; *Collester* v. *Hailey,* 6 Gray, 517; *Little* v. *Blunt,* 16 Pick. 359; S. C. 9 Pick. 488; *Byrne* v. *Crowninshield,* 1 Pick. 263; *Dwight* v. *Clark,* 7 Mass. 515; *Fowler* v. *Hunt,* 10 Johns. 464; *Crehore* v. *Mason,* 23 Maine, 413.

*W. A. Herrick,* for the plaintiff.

BIGELOW, C. J. The single question in this case is, whether, on the facts proved at the trial, the defendant comes within that exception to the statute of limitations contained in Gen. Sts. *c.* 155, § 9, which provides that "if, after a cause of action has accrued, the person against whom it has accrued is absent from and resides out of the state, the time of his absence shall not be taken as part of the time limited for the commencement of the action." It is very confidently urged by the learned counsel for the defendant that this clause is not intended to apply to persons who, like the defendant, have been only occasionally and temporarily within this commonwealth, and have never resided here since the cause of action accrued; but solely to those who, having been at the time the cause of action accrued resident here, have subsequently departed from and lived out of the state. The argument, as we understand it, is, that a person cannot be properly said to be absent from and resident out of the state who has never resided within it; that the word "absent," in the connection in which it stands, necessarily implies that the person to whom it is applied has been previously

present; and that a strong implication arises from the use of the phraseology " absent from and resides out of the state," that the provision was designed only to apply to cases where debtors had been previously present in and inhabitants of this commonwealth. But in the interpretation of statutes, a narrow and close verbal criticism can rarely be adopted as a safe mode of ascertaining the real intent and purpose which a particular enactment was designed to accomplish. The better rule of construction is, *verba intentioni debent inservire,* when it can be acted on without doing violence to language or wresting it from a fair and legitimate application to the subject matter. As the law stood prior to the enactment of the Revised Statutes, ( *St.* 1786, *c.* 52, § 4,) the statute of limitations did not begin to run in favor of a person, who at the time the cause of action accrued against him was without the limits of the Commonwealth, until his return within the state, unless he left property therein which could by the ordinary process of law be attached. Under this provision, notwithstanding the doubtful or equivocal meaning of the word " return " as used in the statute, it had long been held that persons who had never previously been in the Commonwealth were included within the terms of this exception. By Rev. Sts. *c.* 120, § 9, material alterations were made in the purport and effect of this provision. One essential modification was a repeal of that clause by which the statute was allowed to run in favor of a person, if he left property liable to attachment within the Commonwealth. By the new enactment the time from which the limitation was to be reckoned did not begin until the debtor came within the Commonwealth, irrespective of the fact that he had property here liable to attachment. But the change did not stop here. Doubts and difficulties had arisen under the old statute in ascertaining what should be deemed a return or coming within the state, in the sense of the statute, sufficient to cause the period of time necessary to bar an action to begin to run. To do away with the embarrassment which had thus arisen in interpreting the old statute, the second clause already cited of the ninth section was inserted. That this was the object of the alteration is apparent from the report of the

commissioners on the Revised Statutes, who recommended the amendment in the precise form in which it was adopted by the legislature in the Revised Statutes and as it is reënacted in the General Statutes. They say, " The latter part of this section is taken from the New York Code. The courts have felt bound to allow some latitude of construction as to what shall be considered a return into the Commonwealth, within the intent of *St.* 1786, *c.* 52; 3 Mass. 271; 1 Pick. 263; and the precise limits of the rule in that respect are left undefined and uncertain. By the proposed alteration all doubt on the point will be removed, as the debtor must remain within the state during the whole period prescribed for the limitation, in order to avail himself of its provisions." This serves to make the intent of the legislature in the amendment of the old statute perfectly clear. A return into the Commonwealth was no longer to be sufficient of itself to cause the period of limitation to commence and to continue to run till the bar should become complete, but under the new provision such return was to be followed by six years' residence in the state in order to bar an action. This provision was therefore designed as a substitute for the return into the Commonwealth followed by the lapse of the requisite time to create a bar, which was all that was necessary under the old statute. It follows, that as the clause in regard to such return was always held under the old statute to be applicable as well to foreigners who had never resided here as to those who had been inhabitants of the Commonwealth, the new provision which took its place was intended to be applicable to the same classes of persons. Nor is this conclusion at all inconsistent with the language of the statute. The whole section as it now stands is to be construed together. By the first clause, the period of limitation does not begin to run till the debtor, whether foreigner or resident, if out of the state when the cause of action accrues, comes within the state; by the second clause, if after he comes into the state, so that the time of the statute bar begins to run, he is absent, the time of his absence is to be deducted, in order to ascertain whether the full time limited has expired. The absence from the state in the second clause of the section

has reference to the debtor's previous presence here, which by the first clause was necessary to enable him to avail himself of the statute bar at all, and not to any previous residence or inhabitancy within the state.

The interpretation of the statute for which the defendant contends would lead to a result which could not have been intended by the legislature. It would put foreigners and residents of other states on a more favorable footing as to the operation of the statute of limitations on causes of action against them than our own citizens. The effect of it would be that the person by coming into the state and remaining here for a brief period could cause the time of the limitations of actions against them to run, which in six years would ripen into a complete bar, although they had been absent from the state during nearly the whole six years, while the latter would be obliged to remain in the state during the full term prescribed for limitations of actions, in order to set up a good bar to existing causes of action. A construction involving a conclusion so unreasonable, and leading to a result which makes the practical operation of the statute so manifestly unequal and unjust, cannot be supported unless required by language too clear to admit of any other interpretation.

It may be added that the statute of New York, which is similar to our own, and from which, as we have seen, the provision incorporated into our Revised Statutes was taken, has received a similar construction to that which we have stated. *Ford* v *Babcock*, 2 Sandf. 518. *Cole* v. *Jessup*, 6 Selden, 96.

*Exceptions overruled.*