By the Court (Van Vorst, J.).
— The defendant, residing in Austria, in the month of Hay, 1873, incurred the obligar tion as acceptor of the draft which is the subject of this action. In July, 1873, the defendant absconded from Austria and came to the city of New York, and “ for the purpose of concealing himself from his creditors assumed a fictitious name, and has ever since borne and been hiding under such fictitious name.” The draft matured after the defendant took up his residence in New York. In April, 1882, the plaintiff, the owner of the draft, discovered defendant in the city of New York, living under his fictitious name, and demanded payment, which, being refused, he commenced this action.
Upon the trial the plaintiff’s complaint was dismissed upon the ground that the action not having been commenced within six years after the cause thereof accrued, the same is barred by the Statute of Limitations.
The question arises whether the defendant was within the State during the period in question in the sense contemplated *148 by the statute. It has beeu said that the Statute of Limitations “ is a shield, and not a weapon of ofíense.” I am quite sure that it was not designed to defeat justice. It should not shelter a man who, designing to defeat the vigilance of his creditors, comes into this State and conceals himself under a fictitious name, thus doing all in his power to prevent his creditors from reaching and prosecuting him within the time limited. In the construction of statutes the judge is vested with authority to disregard the letter in order, in a given case, to attain the ends of justice. This power has been repeatedly asserted and practiced upon by the highest authority (Lieber's Hermcmeutios [3d ed), note, page 285, amd cases cited).
If this defendant is shielded by the strict letter of the statute, he is certainly not by its true spirit and intent (Code, seo. 401).
In decisions with respect to the former Statutes of Limitations, the word “ return,” found in the section above cited, has been held to apply as well to a person coming from abroad, where he had resided, as to a citizen of this state going abroad for a time and then returning (Fowler agt. Hunt, 10 Johns., 464).
It has also been decided that the return must not be clandestine and with the intent to defraud creditors. The “ return ” must be public and under such circumstances as to give the creditors an opportunity, by the use of ordinary diligence and due means, to prosecute the debtor (Cole agt. Jessup, 10 N. Y., 96, 103; Randall agt. Wilkins, 4 Den., 577; Ford agt. Babcock, 2 Sand., 518; Fowler agt. Bailey, 3 Mass., 201; Little agt. Blunt, 33 Mass., 359).
A coming into this state with the design of continuing therein, concealed under a fictitious name to avoid the pursuit of creditors, is in legal effect no coming at all until the day that he is discovered. The construction contended for by the respondent would make this statute, which was designed to prevent fraud, “ the means by which it is made successful and secure.”
*149 The case of Poillon agt. Lawrence (77 N. Y., 207), which arose under the bankrupt law, has some analogy. In that casé the bankrupt contracted a debt in one name, and obtained a discharge under a different name, designedly omitting in his proceedings reference to any fact which would disclose that he was the same person who was the debtor to the plaintiff. Rapallo, J., said: “ It can hardly be supposed that any court would willingly sanction a fraud of that description.”
Practically this defendant perpetrated a fraud equally obnoxious. Contracting a debt in a foreign country under his true name, he then comes to this country and lives under an assumed name, in this way to conceal himself from his creditors. Under such circumstances he cannot claim the protection of the Statute of Limitations.
Troup agt. Smith (20 Johns., 32), and other cases cited by respondent’s counsel, involve the question of a fraudulent concealment of the cause of action, but not.of the person of the defendant; that is a wholly different question.
The judgment below is reversed and a new trial ordered, with costs to abide the event.