GEORGE N. BALCOM, APPELLANT, *v.* FANNIE TERWIL-LIGER, RESPONDENT.

*Costs — the right thereto is governed by the law in force at the time the right to them accrues — Code of Civil Procedure, sec. 3070.*

In this action, in which issue was joined in December, 1884, the plaintiff, on January 10, 1885, recovered a judgment in a Justice's Court for ninety-three

dollars and ninety-two cents, from which he appealed, on January 28, 1885, to the County Court demanding a new trial. No offer of judgment was made by the respondent. On June 17, 1886, the plaintiff recovered a judgment in the County Court for eighty-nine dollars and twenty-two cents damages and thirteen dollars and ninety-eight cents interest; in all one hundred and three dollars and twenty cents. Upon an appeal from an order of the County Court setting aside a taxation of costs in favor of the plaintiff and directing costs to be taxed in favor of the defendant:

*Held,* that costs should be granted or refused in accordance with the law existing at the time when the party acquired the right to recover them.

*Garling* v. *Ladd* (27 Hun, 112) followed.

That as this action was commenced after September, 1880, it did not fall within the exceptional provisions of subdivision 11 of section 3347 of the Code of Civil Procedure.

That the right of the parties to recover costs in this case was to be determineo by section 3070 of the Code of Civil Procedure, as amended in 1885, whicn provides that where neither party makes an offer, the party in whose favor the verdict, upon a decision in the appellate court, is given shall be entitled to recover his costs upon appeal.

That the order of the County Court should be reversed.

APPEAL from an order of the Broome County Court, setting aside a taxation of plaintiff's costs, and striking them from the judgment, and directing costs to be taxed in favor of the defendant.

The action was brought in a Justice's Court, issue being joined therein December, 1884. On the 10th of January, 1885, the plaintiff recovered a judgment for ninety-three dollars and ninety-two cents damages. The plaintiff appealed to the County Court on January 28, 1885, and demanded a new trial. No offer of judgment was made by the respondent. On the 17th of June, 1886, the plaintiff recovered and entered a judgment for eighty-nine dollars and twenty-two cents damages, and thirteen dollars and ninety-eight cents interest, in all one hundred and three dollars and twenty cents. The plaintiff taxed his costs and entered them in his judgment.

*Canniff & Penrie,* for the appellant.

*Carver & Deyo,* for the respondent.

HARDIN, P. J.:

*Garling* v. *Ladd* (27 Hun, 112) is an authority to the effect that costs " will be granted or refused in accordance with the law existing when the party has the right to costs.'

That case was referred to in *Atkin* v. *Pitcher* (31 Hun, 352), and it was held that in a case brought before 1st of September, 1880, the date when the provisions of the Code of Civil Procedure took effect, the costs were to be taxed under section 371 of the old Code, as subdivision 11 of the Code of Civil Procedure, section 3347, declares that chapters 18 and 19 of the Code of Civil Pro-cedure apply only to an action or special proceeding commenced on or after the 1st of September, 1880. This action was commenced after September, 1880, to wit, on the        day of December, 1884, and, therefore, does not fall under the exceptional provision of section 3347, subdivision 11. Chapter 522 of the Laws of 1885, amended section 3070 of the Code of Civil Procedure, and it took effect on the 3d of July, 1885. If we apply the exception as to when the amendment shall take effect, or if we assume that the section as amended shall be restricted, its application to cases enumerated in subdivision 11 of section 3347, we must say that as this action was commenced after September 1, 1880, it is not excluded from the operation of section 3070, as it stood after the amendment thereof in 1885. We are thus brought back to the general rule, that costs are regulated and given by the statute in force, when the party has the right to costs. By section 3070, as amended in 1885, it is provided, viz: If neither party make an offer as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given, shall be entitled to recover his costs upon the appeal. As no offer was made, and the plaintiff recovered in the County Court eighty-nine dollars, we must hold that his case falls within the provision we have quoted from section 3070 of the Code of Civil Procedure, as amended in 1885, in accordance with cases adjudged. (*Sheehan* v. *Buller*, 24 Weekly Dig., 168.) If the question were an open one in this court, it might be doubted whether in this case either party were entitled to costs, inasmuch as no offer of judgment, as provided in section 3070, as amended by chapter 522 of Laws of 1885, could be made. It might be questioned whether the legislature intended that the omission of an offer, as provided, should cast a party in costs who, when the appeal was taken, was not authorized to make such offer as that named in section 3070, as amended by the legislature in 1885. (*Railroad Co.* v. *Roach*, 80 N. Y., 339; *Engel* v. *Fischer*,

15 Abb. N. C., 72; *People* v. *Commissioner of Taxes of N. Y.*, 95 N. Y., 559.)

However, as before remarked, we must follow *Sheehan* v. *Buller* (*supra*), and the cases referred to in the opinion of Mr. Justice FOLLETT, and apply section 3070, as amended in 1885, to this case, and reverse the order of the County Court and direct a restoration of the costs taxed in favor of the plaintiff and inserted in the judgment as originally entered.

The order of the County Court of Broome county shonld be reversed, with ten dollars costs and disbursements.

BOARDMAN, J., concurred; FOLLETT, J., concurred in result.

Order of the County Court of Broome county reversed, with ten dollars costs and disbursements.