(20 Misc. Rep. 339.)

## CAMPBELL v. POST.

(Supreme Court, Appellate Term. May 28, 1897.)

LIMITATION OF ACTIONS—RETURN OF DEBTOR AFTER ABSENCE FROM STATE.
　　A debtor who returns to New York after absence from the state is not shown to have concealed his return by the fact that he did not put his name in the city directory.

Appeal from Eighth district court.

Action by William A. Campbell against Cornelius H. Post for money collected in 1881. The defense was the statute of limitations. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Paul Eugene Jones, for appellant.

James F. Higgins, for respondent.

DALY, P. J. The defense of the statute of limitations is made out upon the evidence, and the judgment cannot be disturbed. The

claim is over 15 years old, and although, for periods aggregating the greater part of that time, the defendant resided in New Jersey, he proved seven years' residence in this state    This is exclusive of the time in which he lived in New Jersey, and came every day to business in New York, so that we need not consider any questions with regard to that period.    Conceding, as appellant contends, that coming to this city every day from another state to business did not constitute residence here, his period of unquestioned actual residence in New York, deducting his absences, filled the statutory time of six years from the time the debt accrued.    The chief point made by appellant is that the return of defendant to this state, after his residence out of it, was not open and notorious, so that the plaintiff could know of his return, or with due diligence could have ascertained it, and served process upon him.    Cole v. Jessup, 10 N. Y. 96;  Ford v. Babcock, 2 Sandf. 518;  Palmer v. Bennett, 83 Hun, 222, 31 N. Y. Supp. 567.    There is no proof, nor even suggestion, that the defendant's return to this state was clandestine, or that he kept himself concealed, or his whereabouts secret, while here.    He was employed as a dentist's assistant, and did not have a sign out, nor put his name in the directory.    It is not to be assumed that it is customary for dentist's assistants to display signs, and a debtor is not required to see that his name is in the city directory, on peril of being held to have concealed his return.    If he had permission to put out a sign, and declined it, and if his name had been applied for to put in the directory, and he refused it, ground for the charge might be made, but the proof does not go so far.    It would seem that with a little exertion the plaintiff could have kept advised of defendant's whereabouts from time to time, since he knew where defendant resided in New Jersey when he first left this state.

Judgment affirmed, with costs.    All concur.