BANK OF UNITED STATES, Plaintiff, *v.* WILLIAM F. BROOKER, Defendant.

City Court of New York, Trial Term, New York County, March 14, 1939.

*Carl J. Austrian* [*Henry L. Bayles* of counsel], for the plaintiff.

*Jerome J. Freedman,* for the defendant.

COLEMAN, J. I believe the defendant has sustained the burden on the defense of the Statute of Limitations. (*Isenstein* v. *Malcomson,* 227 App. Div. 66; *Phillips* v. *Lindley,* 112 id. 283; affd., 188 N. Y. 606.) To be sure the test under section 19 of the Civil Practice Act is not residence; of course, the defendant was a resident of New York. However, he was not " continuously absent * * * for the space of one year or more," within the meaning of *Connecticut Trust Co.* v. *Wead* (172 N. Y. 497), and *Jelliffe* v. *Thaw* (67 F. [2d] 880). Defendant's home, in the sense of a fixed abode, was with his family (wife and daughter) in New York during the period when he was employed in Connecticut. Like so many persons residing in the city his place of employment was within commuting distance from the city. He maintained a room in Connecticut for purposes of sojourning, but he undoubtedly returned to his home and to his family regularly except at such times as it was convenient to remain overnight near his place of business. His returns to his home may not have been with the frequency that he suggested, but I am satisfied that they were at fairly frequent intervals and with some degree of regularity. In any event they were sufficiently numerous and at such hours as to dispel the notion that the visits were sporadic and of such a character as would stand in the way of a diligent process server's efforts to serve. (Cf. *Fowler* v. *Hunt,* 10 Johns. 464.) There will be judgment for the defendant dismissing the complaint.