## BURROUGHS *vs.* BLOOMER.

Where a cause of action accrues against a resident of this state who subsequently removes to a foreign state, the statute of limitations does not apply to any portion of the time he resides out of the state, notwithstanding he may frequently return to the state upon business.

The time spent in this state upon business while residing abroad, is not to be taken into the account.

The plaintiff in error after the cause of action accrued removed from the city of Brooklyn to Newark, N. J. and resided there eight years, having a place of business in the city of New-York which he visited frequently. *Held* the statute did not run.

The 27th section of the statute of limitations (2 *R. S.* 297) examined.

ERROR to the common pleas of the city and county of New-York. Bloomer, plaintiff in the court below, declared upon an account for goods sold and delivered. The defendant below pleaded 1. *Non-assumpsit ;* 2. *Non-assumpsit infra sex annos,*

Burroughs *v.* Bloomer.

and 3. *Actio non accrevit infra,* &c. To the second and third pleas, the plaintiff replied that within six years after the making of the promise and the accruing of the cause of action, the defendant removed out of the state to reside, and had ever since resided without the state, and that since the cause of action accrued he had not resided six years within the state. To these replications the defendant rejoined, that more than six years prior to the commencement of the suit "he openly and publicly returned to and came within the state and the jurisdiction of the court, and from thence had hitherto continued daily openly and publicly to come within the state and transact his business as a merchant and manufacturer, of which the plaintiff had notice, and so," &c. The cause was tried in February, 1845. The plaintiff proved an account against the defendant which accrued in 1834, which with interest amounted to $91,51, and that Burroughs, in 1836, removed from Brooklyn, where he had previously resided, to Newark, New Jersey, and had ever since then resided there. The defendant then proved that since his removal to Newark, he had been engaged in business at the city of New-York, having a regular place of business there, which he was frequently in the habit of coming to, his visits being sometimes once a month and sometimes daily. The testimony being closed, the counsel for the defendant required the judge to charge the jury that the action was barred by the statute of limitations, and that the coming of the defendant to New-York from time to time in the manner shown, was so frequent and constant that there was no period of absence to be deducted from the time for the commencement of the suit. The judge refused so to charge, and charged the jury that by the statute the person of the defendant is required to be within the state for six years after the cause of action accrues, so that the plaintiff might sue him at any time: that the time of Burroughs' absence from the state is not to be taken as any part of the six years, and it was for the jury to find whether the time the defendant had spent in the state since the accruing of the account and before the commencement of

the suit, amounted in the aggregate to more than six years, and if they should so find, they should give a verdict for the defendant. If otherwise, the verdict should be for the plaintiff. The jury found for the plaintiff below. A bill of exceptions was sealed and Burroughs brought error.(*a*)

*J. S. Carpenter*, for the plaintiff in error.

*Hastings*, for the defendant in error.

*By the Court*, McKissock, J. The case must be determined on the exceptions to the refusal of the judge to charge the jury as requested, and to the charge as made. The defendant's counsel requested the judge to charge the jury that the visiting the city of New-York by the defendant as testified to by the witnesses was a return to the state within the meaning of the 27th section of the statute of limitations; (2 *R. S.* 297;) and that it was so frequent and constant that there was no period of absence to be deducted from the time limited for bringing the action, which the judge declined to do. This was in my judgment entirely correct. The issue was substantially on the point whether the defendant had for a certain time before action brought resided out of the state. The proposition embraced in the request was, therefore, that the facts proved were equivalent to a residence within the state. But the evidence by no means gave any support to the idea that the defendant was, after he removed to New Jersey, a resident of New-York. Indeed it was, on the contrary, plain that he had his domicil, was an inhabitant of and actually resided in New Jersey all the while. A person may be an inhabitant of one place and a resident of another; but no man ever became the resident of a place by visiting even daily and transacting busi

---

(*a*) Several questions arose upon the pleadings in addition to those upon the exceptions, but as their decision involved nothing novel, only the opinion of the court upon the exceptions is given.

Burroughs *v.* Bloomer.

ness there, while at the same time he habitually returned tc his habitation in another, like a weary bird to its roosting ground.   And in the present case, giving credit to all that was said by defendant's witnesses, the evidence was simply that he visited New-York from Newark, sometimes daily, sometimes monthly, and that these visits were public; and that during the latter part of the time he did business in New-York under the charge of another person.   There was not even an essay to show he ever lodged there a single night.   It is then most manifest that the instruction to the jury on the question of residence was properly refused.

But if it be said that the charge should have been given because the return of the defendant into the state was so frequent and notorious that he was at all times substantially subject to a service of process within the state, and therefore entitled to a verdict, the answer is that no such issue was presented.   Yet waiving that, the section admits no such construction.   Its latter clause was for the first time inserted in the statute in the revision of 1830.   Until then, the only provision for suspending the time limited for commencing an action was in case of the defendant's absence from the state when the cause of action accrued; and the rule in that case, that on the first return to the state the time commenced running and continued to run, subject to no deduction for any other cause, is familiar to all. (1 *R. L.* 186, § 5.)   The provision of the revised statutes suspends the operation of the limitation on other and different grounds.   It provides that if after the cause of action shall have accrued the debtor shall depart from and reside out of the state, " the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of the action."   There is nothing said, as in the former statute, in respect to the return into the state as the condition on which the time limited for bringing the action begins to run.   It simply excludes the time of the absence from the computation. The expressions "and reside out of the state," and " the time of his absence," have the same meaning : they are correlative expressions.   So that while the defendant in this case resided

Burroughs *v.* Bloomer.

out of, he was absent from the state, and accordingly, until he again became a resident of the state, the suspension of the operation of the statute continued. I have been thus careful to distinguish between the language and the meaning of the former and the latter provisions of the 27th section of the present statute of limitations, because, in the only judicial determination on the latter, of which I am aware, (*Dorr* v. *Swartwout, U. S. C. C. 2d circuit,* 5 *N. Y. Legal Obs.* 172,) it was held that where the defendant had become a resident in a foreign state after the cause of action accrued, and openly returned again to this state on a visit or upon business so as to be fairly subject to process, the statute from thence began to run against the plaintiff, and would continue until the time of the limitation expired, as it had not provided for a second departure. With great respect and hesitancy, I have arrived at the conclusion that this determination is an erroneous one, arising from giving too much weight to the supposed analogy between the old and the new provisions of the section. In the reasoning of that case it appears to be assumed that the time for bringing the action in both cases within the section shall be measured from the return to the state. That is true in the former case, while in the latter it is declared simply that *"the time of absence shall not be deemed or taken as any part of the time limited,"* leaving every subsequent departure and residence out of the state, to suspend the operation of the statute during its continuance. There is in the statute neither in direct terms nor by implication any condition as to removal from the state and residence abroad, except when they occur after the cause of action accrues. The words of the statute are too plain to allow the court to indulge in speculation as to the reason of the legislature in framing the two provisions. The judge was therefore correct in refusing to charge as requested.

But the judge charged that as for eight years while the defendant resided out of the state, he habitually came into it, sometimes once a month and sometimes once a week, it was for the jury to find whether the time he had spent in the state after the cause of action arose amounted to six years, and if it

did, they should find for the defendant; to which the defendant's counsel excepted. From what has already been remarked, this charge was incorrect. The statute ceased to operate as long as the defendant continued to reside abroad. Besides, the rule laid down by the judge would be an impracticable one. The trial of such issues upon that construction of the statute would be infinitely more perplexing, and more to be deprecated than the prosecution of demands however stale. The disputes as to the number and duration of returns, and whether the plaintiff had fair opportunity to avail himself of them on each occasion, so as to prosecute the defendant, might frequently extend to as small periods as days through a quarter of a century. It would be better by far to repeal the provision than to permit it to give rise to such embarrassing questions. Still, although the charge was erroneous, the error was in favor of the defendant; he suffered nothing by it, and can take no advantage from it. The courts do not decide cases to determine theoretical principles, but to enforce and maintain the rights of parties according to the rules of law. The judgment of the common pleas must be affirmed.

Judgment affirmed.