87 U.S. 137 (____)
20 Wall. 137
TIOGA RAILROAD
v.
BLOSSBURG AND CORNING RAILROAD.
Supreme Court of United States.

*141 Mr. J.H. Reynolds, for the plaintiff in error (after arguing the case on merits).
Mr. D. Rumsey, contra.
*142 Mr. Justice BRADLEY, having stated the case, delivered the opinion of the court.
Some attempt has been made to show that in the suit brought in January, 1855, in the Supreme Court of New York by the Blossburg company against the Tioga company, on the contract now in question, the matter of the difference for which the present suit is brought was not a question decided. But we have looked at the record and proceedings therein, which were in evidence in this case, and are satisfied that it was decided. The report of the case in 1st Keyes, 486, shows that it was the only question before the *143 Court of Appeals, to which court the case was carried. This point, then, is res judicata between the parties. It cannot be litigated again on the same contract.[*]
We pass, then, to the matter of the statute of limitations.
The counsel for the plaintiff in error (the defendant below) insists "that it was proved and conceded that during all the time of the existence of the contract of 1851, the defendant had property within the State of New York, an office at Corning, New York, directors, officers, and agents, constantly within this State, and at all times amenable to the process of its courts; and, in fact, in 1855, the plaintiff availed itself of this condition of things by bringing a suit against the defendant for a portion of the demand claimed under the contract now in controversy, recovered judgment and collected the same, and that in fact this suit was commenced by personal service of a summons upon the defendant's agent at Corning; and that it is, therefore, apparent that the Tioga company has been, at all times, subject to a suit at law for any debt it owed to the Blossburg company or any other party," and he argues that the statute of limitations is therefore a defence.
If the facts appeared as stated by the counsel, it could not avail the plaintiff in error. The courts of New York have decided (and two of the decisions were made upon the case of this very company), that a foreign corporation cannot avail itself of the statute of limitations of that State.[] And this, notwithstanding the defendant was the lessee of a railroad in New York, and had property within the State, and a managing agent residing and keeping an office of the company at Elmira, within the State.[] These decisions upon the construction of the statute are binding upon us, whatever we may think of their soundness on general principles.[§]
*144 But the facts on which the plaintiff in error relies are not spread upon the record in such a manner that the court can take cognizance of them. They are not found specially by the referee; he refuses to find them. He finds generally in favor of the plaintiff, namely, that the statute of limitations was not a bar to the action. No error can be assigned upon such a finding.
JUDGMENT IS AFFIRMED.
Mr. Justice HUNT, concurring in the judgment.
The question whether, upon the merits, the plaintiff is entitled to recover is no longer an open question. It was settled by the adjudication of the point by the highest courts of New York in an action between the same parties and upon precisely the same facts. The record in the former suit was given in evidence in this suit, and is conclusive.[*]
The point with which we are principally concerned at this time arises upon the statute of limitations. This action was commenced on the 6th day of May, 1864, and it was insisted that all that part of the claim which became due on or before May 6th, 1858, was barred by the statute of limitations of the State of New York. The court below held against this claim, but it is repeated and renewed on this appeal.
The Civil Code of New York repeals the former laws on the subject of the limitation of actions and enacts as follows:
"SECTION 74. Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute.
"SECTION 89. The periods prescribed in section seventy-four for the commencement of actions, other than for the recovery of real property, shall be as follows:
"SECTION 91. Within six years: 1. An action upon a contract, *145 obligation, or liability, express or implied (excepting judgments and sealed instruments).
"SECTION 100. If, when the cause of action shall accrue against any person, he shall be out of the State, such action may be commenced within the terms herein respectively limited after the return of such person into this State; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."
An examination of the statutes of the different States shows a great similarity in their provisions. They generally provide that if a person shall be out of the State when the cause of action accrues against him the statute does not begin to run until he returns into the State; if, after the cause of action has accrued, such person shall depart from and reside out of the State, the time of his absence shall not be taken to be a part of the time limited for the commencement of the action. As to a resident of the State where the action is brought, his temporary absences after the cause of action shall have accrued do not suspend the running of the statute. As to a non-resident debtor, however long his absence may be continued, he takes no benefit from the statute. Temporary returns do not put the statute in motion. So long as he continues to reside in another State, so long he is liable to an action in the State in which he is sued. These provisions are found in substance in the statutes of Maine, Massachusetts, New Jersey, Vermont, New Hampshire, Michigan, Wisconsin, Arkansas, Oregon, and Iowa.
The State of New York is not singular, therefore, in providing or in holding that although a debtor may have been from time to time within the State, yet while he is a resident of another State, and until he becomes a resident of New York, he cannot ask the protection of the statute of limitation.
It was proved and conceded that during all the time of the existence of the contract in question the defendant had property within the State of New York, an office at Corning, *146 New York, directors, officers, and agents within the State; that it was at all times amenable to the process of its courts; and that in 1855 the plaintiff availed itself of this condition of things to bring a suit against the defendant for a portion of the demand claimed under the contract now in controversy, and that the present suit was commenced by the service of a summons upon the defendant's agent at Corning, New York.
In 1848 the code of New York authorized the commencement of a suit by the delivery of a copy of the summons to the defendant, and if the suit was against a corporation, to the president or other head of the corporation, secretary, cashier, or managing agent thereof.
In 1851 this section was amended by adding thereto the words "but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein."
In 1859 this subdivision was further amended by adding, at the end, the words "or where such service shall be made within the State, personally upon the president, treasurer, or secretary thereof."
It would appear from this analysis that the legislature intended to authorize the commencement of a suit against a corporation by the delivery of a summons to its president or other officer, without regard to the facts: 1st, whether it was a domestic or a foreign corporation; or 2d, whether it had property within the State; or 3d, whether the cause of action arose within the State; or 4th, whether such service was made within this State or without the State. It amended the proceeding, first by limiting this mode of commencing a suit against a foreign corporation to a case where it had property within this State or where the cause of action arose therein; and second, by requiring such service to be made within this State.
In commenting upon these provisions, the counsel for the plaintiff in error says: "It is then apparent that ever since 1848, it has been in the power of any creditor of the Tioga company to sue it in the courts of New York, and recover a *147 judgment against it as effectual and conclusive as any that could be obtained against any citizen or domestic corporation, for it has had during all that time property within the State and officers upon whom process could have been personally served; and in this case, the cause of action, if any, arose within the State of New York."
That a judgment could be obtained during that period is apparent, but that an effectual and conclusive judgment could be obtained by the service of a New York summons upon an officer of a Pennsylvania corporation in that State, as was authorized by the code until the year 1859, is not so apparent. The process of the New York courts does not and cannot run beyond the territorial limits of that State. A service of such process within the State of Pennsylvania would be void.[*] The broad language used in these statutes justifies the construction given it by the New York courts, that they were intended to provide for a judgment not complete and effectual but limited and restricted like that obtained upon publication or by attachment proceedings. The statutes give no evidence that a more perfect judgment was expected to be obtained where the service of the summons was made upon the officer within this State than when it was made without it. A suit was authorized to be commenced against a foreign corporation by any of these various modes, or by attachment and publication. In the latter case no pretence is made that the judgment is effectual and conclusive, and the fact that the cause of action arose within this State or that the corporation had property within the State, can give but little addition to its conclusiveness. Such is the doctrine announced not only in Rathbun v. Northern Central Railroad Co.,[] but in many previous cases.
In the 4th,[] in the 5th,[§] and in the 10th[] of Howard's Practice Cases, it is held that a judgment obtained in a suit *148 commenced by the service of a summons upon an officer of a foreign corporation while in this State is not a personal judgment, that it can only be enforced against property in this State.
In Rathbun v. Northern Central Railroad Co.,[*] in delivering the unanimous opinion of the court, Folger, J., after citing the statutes upon the subject and discussing the decisions of the State heretofore made, bases the decision that the statute did not limit the action against the defendant in that suit upon the principle that the judgment to be obtained by service upon the officer of a foreign corporation would not be a full and perfect judgment prevalent against it in a State other than New York. The case as reported in the series does not contain the opinion, but a copy certified by the reporter has been handed to us, and it is full and explicit upon the point now suggested.
The cases establish, that a corporation has its existence and domicile only within the jurisdiction of its origin, and that in its nature it is incapable of migration to another jurisdiction.
In the Bank of Augusta v. Earle,[] it was said: "The artificial person or legal entity known to the common law as a corporation, can have no legal existence out of the bounds of the sovereignty by which it is created, that it exists only in contemplation of law and by force of law, and where that law ceases to operate the corporation can have no existence. It must dwell in the place of its creation."
The same doctrine was reiterated and the above language quoted with approbation by Taney, C.J., in Ohio and Mississippi Railroad Co. v. Wheeler.[]
In Day v. Newark India-Rubber Manufacturing Company,[§] Mr. Justice Nelson held that a corporation of New Jersey, although it had a place for the store and sale of its goods in New York, was not an inhabitant of that city, and that it could have no corporate existence beyond the territory of *149 New Jersey. These principles have never been disturbed, although other doctrines contained in these cases in regard to the residence of a corporation, when plaintiff in an action, have been reconsidered.
It is also established in the courts of New York,[*] that a foreign corporation is a citizen of the State from which it obtains its charter, and that it is incapable of immigration.
We do not say that a corporation cannot run its cars in a State other than that where it is incorporated and where it is domiciled, nor that it cannot by its lawful agents make contracts and do other business in such State. We assume that it can. In doing these things it does not lose its residence in the former State nor become a resident of the latter. It still resides in the State where it is incorporated and does not depart therefrom.
We assume, also, that a foreign corporation may appoint an attorney to appear for it when sued in a foreign State, and that a judgment obtained against it, upon such appearance, would be perfect and complete. We are not aware that this proposition has ever been doubted.[]
By section one hundred of the New York code, already quoted in full, the statute of limitations does not apply to the case of a person who shall be "out of the State when the cause of action shall accrue against him." If he "depart from and reside out of the State after such cause of action shall have accrued, the time of his absence shall not be taken as any part of the time limited for the commencement of such action." Although a natural person who has thus departed may return frequently and remain long, yet if his domicile continues in another State, the time of his non-residence forms no part of the time limited by the statute.[] It was legally impossible for the Tioga Railroad Company to depart from the State of Pennsylvania. Of course, it could not bring its residence into the State of New York. *150 It was resident out of the State when the cause of action accrued against it, and has ever since so continued. There is no limitation of the time in which the action may be brought in such a case.
Statutes of limitation are in their nature arbitrary. They rest upon no other foundation than the judgment of a State as to what will promote the interests of its citizens. Each determines such limits and imposes such restraints as it thinks proper.
In Angell on the Limitation of Actions at Law,[*] the author says: "Under the thirty-fourth section of the Judiciary Act of 1789, the acts of limitations of the several States, where no special provision has been made by Congress, form a rule of decision in the courts of the United States, and the same effect is given to them as is given in the State courts. In accordance besides to a steady course of decision for many years, the Federal judiciary feel it an incumbent duty carefully to examine and ascertain if there be a settled construction by the State courts of the statutes of the respective States where they are exclusively in force, and to abide by and follow such construction when found to be settled. There is no, unwritten or common law of the Union. The rule of action is found in the different States as it may have been adopted and modified by legislation and a course of judicial decisions. The rule of decision must be found in the local law, written or unwritten."[]
The decisions of the courts of the State of New York upon the question before us directly, and in its collateral aspects, have been uniform and consistent. They all sustain the view we have taken; Burroughs v. Bloomer,[] holding that the time spent by a person in this State while domiciled elsewhere, is not to be deemed as a part of the time required for the running of the statutes; McCord v. Woodhull,[§] to the *151 same purport; Olcott v. Tioga Railroad Company,[*] and Rathbun v. Northern Central Railroad Company,[] together with the cases already cited, showing that a judgment obtained by service of a summons upon the agent or officer of a foreign corporation is not personal and conclusive; and Blossburg Railroad Company v. Tioga Railroad Company,[] in the Circuit Court of the United States, heretofore referred to, all tend to the same conclusion.
We have not been referred to a single decision of the New York courts in conflict with these authorities, nor are we aware of any. We are not at liberty to depart from this settled construction were we inclined to do so.[§]
There is nothing in the rulings upon the trial in regard to the admission or exclusion of evidence that requires our interference.
Mr. Justice FIELD concurred in this opinion.
Mr. Justice MILLER, dissenting:
I dissent from that part of the opinion of the court which relates to the defence of the statute of limitations.
If the State courts of New York have construed their statute concerning service of process, to mean that no such service will authorize a judgment against a corporation of another State, which will be valid beyond the limits of the State of New York, it is a most extraordinary and unnecessary decision, for it is the province of those other States, or of the Federal judiciary, to declare the effect of such judgment, outside of the State of New York. Besides it is not asserted that any such decision has ever been made, except with reference to its effect upon the right of such corporations to plead the statute of limitations in the State courts of New York. Nor do I believe that the courts of any State of the Union except New York, have ever held that a person doing business within the State and liable at all times *152 to be sued and served personally with process cannot avail himself of the statute of limitations, if the time prescribed by it to bar such action has elapsed before it was commenced. The liability to suit where process can at all times be served, must in the nature of things be the test of the running of the statute. A different rule applied to an individual because he is a citizen or resident of another State, is a violation at once of equal justice and of the rights conferred by the second section of the fourth article of the Federal Constitution, that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States.
I can hardly believe, therefore, that the New York statute means that if two men doing business in adjoining houses in the city of New York, one may avail himself of the statute, of the State for limitation of actions, when the time prescribed has elapsed, because he is a citizen of that State, while the other cannot because he is a citizen of New Jersey, when each has been equally and always liable to service of process. Nor do I believe, on a review of all the cases, that the courts of New York have intended to give such a construction to those statutes.
My brother STRONG agrees with me in these views.
NOTES
[*] Beloit v. Morgan, 7 Wallace, 622; Aurora City v. West, Ib. 94; Freeman on Judgments, § 256.
[] Thompson v. Tioga Railroad Co., 36 Barbour, 79; Olcott v. Same Defendant, 20 New York, 210.
[] Rathbun v. The Northern Central Railway Co., 50 Id. 656.
[§] Harpending v. Dutch Church, 16 Peters, 493.
[*] Thompson v. Roberts, 24 Howard, 233; Demarest v. Darg, 32 New York, 281; Doty v. Brown, 4 Comstock, 71; 1 Greenleaf on Evidence, § 531, and note 2, p. 700.
[*] Picquet v. Swan, 5 Mason, 40; Story's Conflict of Laws, § 539.
[] 50 New York, 656.
[] Hulburt v. Hope Mutual Insurance Co., p. 274.
[§] Brewster v. Michigan Central Railroad, p. 183.
[] Bank of Commerce v. Rutland Railroad Co., p. 1.
[*] 50 New York, 656.
[] 13 Peters, 521.
[] 1 Black, 295.
[§] 1 Blatchford, 628.
[*] Merrick v. Van Santvoord, 34 New York, 208; see also Stevens v. Phnix Insurance Co., 41 Id 149, to the same purport.
[] McGoon v. Scales, 9 Wallace, 31-2; Chaffee v. Hayward, 20 Howard, 208.
[] Burroughs v. Bloomer, 5 Denio, 532.
[*] Page 14, § 24.
[] McCluny v. Silliman, 3 Peters, 270; Bank of the United States v. Daniel, 12 Id. 32; Harpending v. The Dutch Church, 16 Id. 455; Porterfield v. Clark, 2 Howard, 76.
[] 5 Denio, 532.
[§] 27 Howard's Practice Reports, 54.
[*] 20 New York, 210.
[] 50 Id. 656.
[] 5 Blatchford's Circuit Court, 387.
[§] Gelpcke v. Dubuque, 1 Wallace, 175; 1 Stat. at Large, 92, note A.