Mr. Justice HUNT,
concurring in the judgment.
The question whether, upon the merits, the plain tiff is entitled to recover is no louger an open question. It was-set-fl'ed by the adjudication of the point by the highest courts of.New York in an action between the same parties and upon precisely the same facts. The record in the former suit was given In evidence in this suit, and is conclusive.*
The point with which we are principally concerned at this time arises upon the statute of limitations. This action was commenced on the 6th d'ay of May, 1864, and it was insisted that all.that part of thé claim which became due on or before May 6th, 1858, was barred by the statute of limitations of the State of New York.' The, court below held against this claim; but it is repeated and renewed on this appeal.
The Civil Code of New York repeals the former laws on the subject of the limitation of actions and enacts as follows:
“ Section 74. Civil actions can only be commenced within the periods prescribed in this-title, after .the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute.
“ Section 8§. The periods prescribed in section seventy-four for the commencement of actions, other than for the recovery of real property, shall be as follows:
“ Section 91. Within six years: 1. An action upon a con *145 tract, obligation, or liability, express or implied (excepting1 judgments and sealed instruments).
“Section 100. If, when the causé of action shall accrue against any person, he shall be out of the State, such action may be commenced within the terms- herein respectively - limited after the return of such person into this State; and if, after such cause of action shall have’accrued, such person shall depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the. time limited for the commencement of such'action.” '
An examination of the statutes of the different States shows a great similarity in their, provisions. They generally provide that if a person shall be out of the State when the cause of- action accrues against him the statute doés not begin to. rununtil he returns into the State; if, after the cause of action has accrued, such person shall depart from and. reside out of the State, the time of his absence shall not be taken to be a part.of the time limited for the commencement of the action. As to a resident of the State where the action is brought, his temporary absences after the cause of action shall have accrued do not suspend the ruuuing of the statute. As to a non-resident debtor, however long his absence may be continued, he takes no benefit from the statute. - Temporary returns do not put the statute in .motion, So long.as he continues to reside iu another Staté, so long he is liable to an action in the State in which be is' sued. These provisions are found in substance in the statutes of Maine, Massachusetts, New Jersey, Vermont, New'Hampshire, Michigan, Wisconsin, Arkansas, Oregon, and Iowa.
The State of New York is not singular, therefore, iu providing or in holding that although a debtor ngmy have been - from time to time within the State, yet while he is a residfent of another State, and’ until he becomes a resident of Néw York, he e'anuot ask the protection of the statute-of limitation.
It was proved and conceded that during all, the time of the existence of the contract iu question the defendant had property within .the State of New York, dn office at Corning, *146 N®w York, directors, officers, and agents within the State; that it was at all times amenable to the process of its courts; and that in 1855 dhe'plaintiff availed itself of this, condition of things to bring a suit against the defendant for a portion of the demand claimed under the contract now in controversy, and that the present suit was commenced by the service of a summons upon the defendant’s agent at Corning, New York.
In 1848 the code of New York authorized the commencement of a suit by the delivery of a copy of the summons to the, defendant, and if the suit was against a corpoi-ation, to the .president or .other bead of the corporation, secretary, c&shier, or managing agent thereof.
In 1851 this section was amended by adding thereto-the words “ but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein.”
In 1859 this subdivision was further amended by adding, at the end, the words “ or where such service shall be made within the State, personally upon the president, treasurer, or secretary thereof.”
It would appear from this analysis that the legislature intended to authorize the commencement of a suit against a corporation by the delivery of a summons to its president or other officer, without regard to the facts: 1st, whether it was a domestic or a foreign corporation; or 2d, whether it had property within the State; or 3d, whether the cause of action arose within the State; or 4th, whether such service was made within this State or without the State. It amended the proceeding, fir^t by limiting this mode of commencing a suit against a foreign corporation to a case where it had property within this State or where the caúse of action arose therein;' and second, by requiring such service to be made within this State.
In-commenting upon these provisions, the counsel for the plaintiff in error says: “It is .then apparent that ever since 1848, it.has been in the power of any creditor of the Tioga company to sue it in the courts of New York, and recover a *147 judgment against it as effectual and conclusive as any that' could be.obtained against any citizen- or domestic'corporation, for it has had during alj that time .property within the State and officers upon, whom process could have been personally served; and in this case, the cause of action, if'any, arose within the State of-New, York".” .
That a judgment could be obtained' dufihg that period' is-apparent,' but that; an effectual and conclusive jhdgriieiftcould be obtained by the service of á New York summons upon^ii officer of a Pennsylvania.corporation in that State, as was authorized by the code until the year 1859, is not so, apparent. The process of the New York courts does not' and cannot run beyond the territorial limits of'that State, A service of such process within the State of Pennsylvania would be void.* The broad language used in these statutes' justifies-the construction given it by the New York'ooufts,. that they w'ere intended to provide for .a judgment-not complete and effectual but limited and' restricted like that qbtained upon publication or by attachment proceedings.' The statutes giye.no evidence that a'more perfect judgipent'was expected 'to' be obtained where the'sefvice'of the'surnmons was made upon the officer within this State.than when it was made, without it. -A-suit was authorized to' be .commeuce'd against' a foreign, corporation by ány'of these'.various modes,-'or by attachment and publication. In the latter case no pretence is-made that the judgment is effectual and cohelusive, and the fact that the cause of action -arose-within this State or that the corporation had property within the State, can give but. little addition to its conclusive'!-)ess. Such is the doctrine .announced not only in Rathbun v. Northern Central Railroad Co.,† but in many previous cases.
In the 4th,‡ in the- 5th,§ and in the.10th|| of Howard's Practice Cases, it is held that a judgment obtained in. a suit *148 commenced by the service of a summons upon an officer of a foreign corporation .while in this State is not a personal judgment, that it can only be enforced against property in this State. • ,, ’
In Rathbun v. Northern Central Railroad Co.,* in delivering the unanimous opinion of the court, Folger, J., after citing the statutes upon the stihject and discussing the decisions of the State heretofore made, bases the decision that the statute did not limit the action against the defendant in that suit •upon the principle that the judgment to be obtained by service upon the officer of a foreign corporation would.not be a full and perfect judgment prevalent against' it in a. State other than New York. The case as reported in the series does not contain the opinion, but a copy certified by the reporter has been handed to us, and it,is full and explicit upon .the point now suggested..
The cases establish, that, a eofporátiori has its existence and domicile only within the jurisdiction of its origin, and' that in its -nature it i's incapable of migration to another jurisdiction.
In the Bank of Augusta v. Earle,† it was said : “ T)ie artificial person or legal entity kuown to the common law as a corporation, can have no- legal existence out of the bounds of the sovereignty by which it is created, that it exists only in contemplation of law and by force of law, and where that law ceases to operate the corporation can have no existence. It must dwell in the place of its creation.”
The same doctrine was- reiterated and the above language quoted with approbation by Taney, C. J., in Ohio and Mississippi Railroad Co. v. Wheeler.‡
In Day v. Newark India-Rubber Manufacturing Company,§ Mr. justice Nelson held that a-corporation of New Jersey, although it had a place for the'store and sale of its goods in New .York; was not an inhabitant of that city, and that it could have no corporate existence beyond the territory of *149 New Jersey. These principles have never been disturbed, although other doctrines'contained in’ these cases in regard to the residence of a corporation, when plaintiff in an action, have been reconsidered.
It-is also established in the courts of New York,* that a foreign 'corporation is a citizen of the State from which it obtains its charter, and that it is incapable of immigration.
,Wo do.not say that a corporation cannot run its cars in a State other than thaf where it is incorporated and.where it is domiciled, nor that it cannot li.y its lawful agents in'ake contracts and do other business in-such State. We assume that it can. In doing these things' it does not lose its residence in the former State nor become a resident of'the latter. It still resides in the.State where it is incorporated and does not depart therefrom.
We.assume, also,-that a-foreign-corporation may appoint an attorney to appear for it when sued in a foreign State, and that a judgment obtained against it, upon such appearance, would be perfect and complete. We are not aware that this proposition has ever been doubted.†
By section one hundred of the New York code, already quoted in full, the statute of limitations does not apply to the case of a person who shall be “ out of the State when the cause of action shall accrue against him.” If he “depart from and reside out of the State after such cause-of action shall have accrued, the time of his absence shall not be taken as any part of the time limited for the commencement of such action.” Although a natural person who has thus departed may return frequently and remain long, yet if his domicile continues in auother State, the time of his non-residence forms no part of'the time limited'by the statute.‡ It was legally impossible for the Tioga Railroad Company to depart from the State of Pennsylvania. Of course, it could not bring its residence into the State-of New York. *150 It was resident out of the State when the cause of action accrued against it, and has ever since so continued. There is no limitation of the time in which the action mpy be brought in such a case.
Statutes of limitation are in their nature arbitrary. They rest upon no other foundation than the judgment of a State as to what will promote the interests of its citizens. Each determines such limits and imposes such restraints as- it thinks proper.
In Angelí on the Limitation of Actions at Law,* the author says: “Under the thirty-fourth section of the Judiciary Act of 1789, the acts of limitations of the several States, where no special provision has been made by Congress, form a rule of decision in the courts of the United States, and the same effect is given to them as is given in the State courts. In accordance besides to a steady course of decision for many years, the Federal judiciary feel it an incumbent duty carefully to examine and ascertain if there be a se.ttled constructioiVby the State courts of the statutes of the respective States where they are exclusively in force, aud to abide by and follow such construction when found to be settled. There is no,uiiwritten or common law of the Union. .The rule of action is found in the different States as it may have been adopted and modified by legislation and a course of judicial' decisions. The rule, of decision must be found in the local law, written or unwritten.”†
The decisions of the courts of the State of New York upon the question before us directly, and in its collateral aspects, have beeu uniform and consistent. They all sustain the view we have taken; Burroughs v. Bloomer,‡ holding that the time spent by a person in thisBtate while domiciled elsewhere, is hot to be deemed as a. part of the time required for the running of the statutes; McCord v. Woohull,§ to the *151 same purport; Olcott v. Tioga Railroad Company,* and Rathbun v. Northern Central Railroad Company,† together with the cases already cited, showing ,that a judgment obtained by service of a summons upon the agent or officer of a foreign corporation is not personal and conclusive; and Blossburg Railroad Company v. Tioga Railroad Company,‡ in the Circuit Court of the United States, heretofore referred to, all tend to the same conclusion.
We have not been referred to a single decision of the Ne'w York courts in conflict with'these authorities,, nor are we aware of any. We-are not at liberty to-depart from this settled construction were we inclined to do so.§
There is nothing in the rulings upon the trial in regard to the admission or exclusion of evidence.that requires our interference.
Mr. Justice FIELD concurred ip this opinion.

 Thompson v. Roberts, 24 Howard, 233; Demarest v. Darg, 32 New York, 281; Doty v. Brown, 4 Comstock, 71; 1. Greenleaf on Evidence, § 531, and note 2, p. 700.

 Picquet v. Swan, 5 Mason, 40; Story’s Conflict of Laws, § 539.

 50 New York, 656.

 Hulburt v. Hope Mutual Insurance Co., p. 274.

 Brewster v. Michigan Central Railroad, p. 183.

 Bank of Commerce v. Rutland Railroad Co., p. 1.

 50 New York, 656.

 13 Peters, 521.

 1 Black, 295.

 1 Blatchford, 628.

 Merrick v. Van Santvoord, 34 Now York, 208; see also Stevens v. Phœnix Insurance Co., 41 Id 149, to the same purport.

 McGoon v. Scales, 9 Wallace, 31-2; Chaffee v. Hayward, 20 Howard, 08.

 Burroughs v. Bloomer, 5 Denio, 532.

 Page 14, l 24.

 McCluny v. Silliman, 3 Peters, 270; Bank of the United States v. Daniel, 12 Id. 32; Harpending v. The Dutch Church, 16 Id. 455; Porterfield v. Clark, 2 Howard, 76.

 5 Denio, 532.

 27 Howard’s Practice Reports, 54.

 20 New York, 210!

 50 Id. 656.

 5 Blatohford’s Circuit Court, 387.

 Gelpeke v. Dubuque, 1, Wallace, 175; 1 Stat. at Large, 92, note A.