CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY, Appellant, *v.* CHARLES K. WEAD et al., Respondents.

1. STATUTE OF LIMITATIONS — OUTLAWED CLAIM NOT REVIVED BY LETTER OF DEBTOR OFFERING TO BUY IT FOR A SMALL SUM. The liability of an indorser of a note, outlawed by lapse of time, is not revived by a letter from him to the holder of the note stating, in substance, that he is unable to pay the note and offering to buy it, if the holder will sell it for some small sum that he can, in justice to other interests, afford to pay; since such letter contains no promise to pay the note nor is it an acknowledgment of an existing debt.

2. SAME — OPERATION OF, SUSPENDED BY NON-RESIDENCE OF DEBTOR, NOTWITHSTANDING CASUAL VISITS TO THE STATE. Where a person removed from the State of New York to another state after a cause of action had accrued against him and has since resided in the latter state, such absence suspends the running of the Statute of Limitations against him, notwithstanding the fact that he has made a number of brief visits to the city of New York or to his old residence within this state; the amendment of 1888, changing section 401 of the Code of Civil Procedure so that it reads, " departs from and resides without the State *and* remains continuously absent therefrom," instead of " *or* remains continuously absent therefrom," did not alter the rule that non-residence is absence, and that casual visits to the state do not destroy the continuity of the absence.

*Connecticut Trust & S. D. Co.* v. *Wead*, 58 App. Div. 493, modified.

(Argued October 13, 1902; decided November 18, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1901, upon an order affirming a judgment in favor of defendant Leslie C. Wead entered upon a dismissal of the complaint as to him by the court at a Trial Term, and revers-

ing a judgment against the defendant Charles K. Wead entered upon a verdict directed by the court and granting a new trial.

· The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Yeaman* and *Edward M. Bassett* for appellant. The letter sent to the plaintiff by the defendant Charles K. Wead was an acknowledgment, and barred the statute. (*Manchester* v. *Braedner*, 107 N. Y. 346 ; *Kahn* v. *Crawford*, 28 Misc. Rep. 572; *Wright* v. *Parmenter*, 23 Misc. Rep. 629; *Fletcher* v. *Daniels*, 52 App. Div. 67.) As to defendant Leslie C. Wead, during his residence in Massachusetts, the operation of the statute was suspended, notwithstanding his casual returns to this state. (Code Civ. Pro. § 401; *Burroughs* v. *Bloomer*, 5 Den. 532 ; *McCord* v. *Woodhull*, 27 How. Pr. 54; *Helmer* v. *Minot*, 56 N. Y. S. R. 764; *Bassett* v. *Bassett*, 55 Barb. 505; *F. Nat. Bank* v. *Bissell*, 7 N. Y. Supp. 53; *Simonson* v. *Napis*, 36 App. Div. 473; *Riker* v. *Curtis*, 17 Misc. Rep. 134; *Costello* v. *Downer*, 19 App. Div. 434; *Engel* v. *Fischer*, 102 N. Y. 400 ; *Palmer* v. *Bennett*, 83 Hun, 220.)

*Robert K. Waller* for respondents. There was no sufficient acknowledgment of an indebtedness to take it out of the Statute of Limitations. (*Hancock* v. *Bliss*, 7 Wend. 267 ; *Allen* v. *Webster*, 15 Wend. 284; *Bloodgood* v. *Bruen*, 8 N. Y. 362; *Manchester* v. *Braedner*, 107 N. Y. 346; *Fletcher* v. *Daniels*, 52 App. Div. 67, 69 ; *Davis* v. *Noyes*, 61 Hun, 87 ; *Cudd* v. *Jones*, 63 Hun, 142 ; *Hartley* v. *Requa*, 17 Misc. Rep. 74; *Shaw* v. *Lambert*, 14 App. Div. 265 ; *Wright* v. *Parmenter*, 23 Misc. Rep. 629.) Where the promise is conditional it must be shown that the condition has been performed. (*Cocks* v. *Weeks*, 7 Hill, 45 ; *Bush* v. *Barnard*, 8 Johns, 408 ; *Wakeman* v. *Sherman*, 9 N. Y. 85; *Watkins* v. *Johns*, 63 Hun, 106.) An offer to compromise a claim will not take a case out of the Statute of Limitations.

(*Bush* v. *Barnard*, 8 Johns. 408; *Lawrence* v. *Hopkins*, 13 Johns. 288; *Allen* v. *Webster*, 15 Wend. 284; *Cudd* v. *Jones*, 63 Hun, 142; *Hartley* v. *Requa*, 17 Misc. Rep. 74; *Shaw* v. *Lambert*, 14 App. Div. 265.) Under section 401 of the Code of Civil Procedure, as amended in 1888, the claim as to defendant Leslie C. Wead is barred by the Statute of Limitations. (*Burroughs* v. *Bloomer*, 5 Den. 532; *Ford* v. *Babcock*, 2 Sandf. 518; *Didier* v. *Davison*, 2 Barb. Ch. 477; *Cole* v. *Jessup*, 10 N. Y. 96; *Denny* v. *Smith*, 18 N. Y. 567; *Bassett* v. *Bassett*, 55 Barb. 518; *McCord* v. *Woodhull*, 27 How. Pr. 54; *Bennett* v. *Cook*, 43 N. Y. 537; *Ulner* v. *Butterfield*, 17 J. & S. 515; *F. Nat. Bank* v. *Bissell*, 7 N. Y. Supp. 53.)

CULLEN, J. The action was brought in April, 1900, against the two defendants as indorsers of a promissory note which matured February 14th, 1890. Both defendants pleaded the Statute of Limitations. The defendant Charles K. Wead was a resident of the state at the time the cause of action accrued and remained such until the commencement of the action. The plaintiff sought to avoid the bar of the statute by proof of the receipt of the following letter:

"251 PATENT OFFICE,
"WASHINGTON, D. C., *Dec.* 27, '97.
"CONN. TRUST & S. D. CO.
"Hartford, Conn.
"MR. M. H. WHAPLES, *Pt.:*
"DEAR SIR.— Several years ago when the Hartford Dynamic Co. went into insolvency you held a partly paid note of the company indorsed by me and L. C. Wead. I am not yet able to take up the note, and have no definite prospect of being able to do so for a long time to come; but if you are disposed to name some small sum that you will take for the note I shall be glad if I can do so in justice to other interests to buy it.          "Very truly yours,
"CHARLES K. WEAD."

The learned trial court held that this letter was a sufficient acknowledgment or promise within section 395 of the Code of Civil Procedure and directed a verdict for the plaintiff against this defendant.   The Appellate Division by a divided court held the letter insufficient for the purpose and ordered a new trial.   From that order the plaintiff has appealed to this court, giving the necessary stipulation.

We agree with the view of the majority of the Appellate Division.   At the time the defendant wrote the letter to the plaintiff the claim was outlawed by the lapse of time.   " The rule with us is, that to revive a demand thus barred, there must be an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied." ( *Wakeman* v. *Sherman*, 9 N. Y. 85.)   " It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it." (*Manchester* v. *Braedner*, 107 N. Y. 346.)   Tested by these rules the letter plainly contains no promise to pay the note, nor does it seem to us to be the acknowledgment of an existing debt.   At most it is an admission that at one time there existed a liability from the defendant to the plaintiff.   But this liability was then barred by the lapse of time.   There is no promise to pay the claim, but on the contrary an assertion that the writer was not then able to take up the note, and that he had no prospect of being able to do so.   He then made a qualified offer to buy the note if the holder was willing to sell it for some small sum, and he, the debtor, could do so in justice to other interests.   A comparison of the letter in this case with that found in *Tebo* v. *Robinson* (100 N. Y. 27) will show how far the instrument now before us falls short of the one on which the action in the case cited was brought.   Yet there it was held that the promise of the defendant was conditional.

The question presented by the non-residence of the defendant Leslie C. Wead is not free from doubt.   In April, 1890,

he left Malone in this state and took up his residence in Massachusetts, where he has since resided. During this time he made a number of brief visits either to the city of New York or to his former residence. The statutory provisions as to the exceptions from the bar of the statute caused by non-residence or departure from the state have been the subject of a number of alterations, at times in substance, and at other times merely in form. Section 401 of the Code of Civil Procedure before the amendment in 1888 read : "If, when the cause of action accrues against a person, he is without the state, the action may be commenced within the time limited therefor, after his return into the state. If, after a cause of action has accrued against a person, he departs from and resides without the state, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action. But this section does not apply, while a designation, made as prescribed in section 430, or in subdivision 2 of section 432, of this act, remains in force." In 1888, however, the section was changed so that it thereafter read " departs from and resides without the state *and* remains continuously absent therefrom," instead of " or remains continuously absent therefrom." After this amendment it was held by this court in *Hart* v. *Kip* (148 N. Y. 306) that to effect a suspension of the statute there must be both residence without the state and the party must be continuously absent therefrom for one year or more. So it was decided that the statute ran in favor of a defendant who was absent from the state for more than a year but continued to be a resident. But that decision does not dispose of the present case. It does not determine the interpretation to be given to the term " absence. " It must be borne in mind that before the amendment of the section this provision dealt with two different cases, one that of a defendant who might become a non-resident, the other a defendant, who remaining a resident might absent himself from the state for more than a year. When the section prescribed that the time of the defendant's " absence " should not be part of the

time limited for the commencement of the action, such absence included two different conditions, physical absence in the case of a resident, and residence without the state in the case of a non-resident. Under a number of cases decided, it is true, not under the present Code, but under earlier statutory enactments of similar character, it was clearly settled by authority that to set the statute running in the case of an absent debtor his return to the state must be "so public, and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence and due means, of arresting the debtor" (*Fowler* v. *Hunt*, 10 Johns. 464), and that successive absences could be accumulated and the aggregate deducted from the statutory period. (*Burroughs* v. *Bloomer*, 5 Denio, 532 ; *Ford* v. *Babcock*, 2 Sandf. S. C. R. 518 ; *Cole* v. *Jessup*, 10 N. Y. 96.) *Burroughs* v. *Bloomer* went further and it was there held : "The expressions 'and reside out of the state' and 'the time of his absence' have the same meaning; they are correlative expressions. So that while the defendant in this case resided out of it, he was absent from the state, and accordingly, until he again became a resident of the state, the suspension of the operation of the statute continued." The case was cited with approval in *Cole* v. *Jessup* (*supra*), but as authority for other propositions than the one which I have excerpted from the opinion. The doctrine quoted, however, was followed by the Supreme Court in the case of *McCord* v. *Woodhull* (27 How. Pr. 54) and *Bassett* v. *Bassett* (55 Barb. 505). In each of these cases the defendant was a resident of New Jersey doing business in the city of New York and attending there on secular days. It was held that the statute did not run in his favor. I have found no subsequent case holding a contrary rule. The question came before this court in *Bennett* v. *Cook* (43 N. Y. 537), which was also the case of a resident of New Jersey doing business in the city of New York and present there during business hours. It was not, however, determined, for the court said that on no theory could the plaintiff claim a presence in the state of more than ten hours out of the twenty-four, the aggrega-

tion of which would fall far short of the period requisite to bar the claim. *Engel* v. *Fischer* (102 N. Y. 400) does not bear on the question. There the defendant continuously resided within the state, though under a fictitious name. It seems, therefore, that at the time of the amendment of 1888, non-residence was absence within the meaning of the statute. The change of the statute by eliminating from the exception the case of a resident of the state does not require or justify giving a different construction to the term "absence" when applied to a non-resident from that which was formerly attributed to it. By the substitution of the word "and" for "or" it became thereafter necessary to bring a non-resident within the exception of the statute that he should be continuously absent for a year or more, that is to say, a non-residence for less than a year continuously would be insufficient for the purpose. But it did not alter the rule that non-residence is absence, and that casual visits to the state do not destroy the continuity of the absence. In *Bassett* v. *Bassett* (*supra*) it was said : " The object of the exception is to give the plaintiff the whole of six years' residence within the state to commence his action. He is not obliged to follow the debtor into another state ; nor is he called upon to watch him and ascertain whether he comes into the state for a temporary purpose, so long as his residence is elsewhere." We think this statement is still correct. Whether the statute runs in favor of a non-resident defendant with a place of business in this state and daily present there during business hours it is unnecessary to determine, but we hold that the casual temporary visits of a non-resident to this state do not break the continuity of his absence under the section of the Code so as to entitle him to the benefit of the statute. The difference between the status of an absent resident and that of a non-resident and the ability of a creditor to pursue them is marked. The former, owing allegiance to the state and subject to its laws, can be reached by its process, even though it be not personally served upon him (*Hunt* v. *Hunt*, 72 N. Y. 217), while the state has no power to render a personal judgment against a non-resident

unless he be served with process within the state, and by the Code (sec. 1217) no judgment of any kind can be entered against a non-resident served by publication unless the plaintiff has succeeded in attaching property.

The order of the Appellate Division granting a new trial to the defendant Charles K. Wead should be affirmed and judgment absolute rendered for that defendant, under the plaintiff's stipulation, with costs. The judgments of the Appellate Division and of the Trial Term in favor of the defendant Leslie C. Wead should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and WERNER, JJ., concur; HAIGHT, J., absent.

Ordered accordingly.