### LAWRENCE v. HOGUE.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

LIMITATIONS—SUSPENSION—NONRESIDENCE.

Code Civ. Proc. § 401, provides that if, after a cause of action has accrued against a person, he departs from the state, and remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of an action. *Held*, that where defendant, who was indebted to plaintiff on a note which became due August 24, 1897, removed to Canada in May, 1898, and, with the exception of one occasion when he returned for six months because of illness, and certain visits not longer than two or three days at a time, was continuously absent from the state for more than a year, and until suit was brought on the note, the time of his absence was properly deducted from the period of limitations.

Appeal from Franklin County Court.

Action by William S. Lawrence against Wilfred P. Hogue. From a judgment of the County Court reversing a justice's judgment in

favor of defendant for less than the relief demanded, and granting a new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Saunders & Saunders (William J. Saunders, of counsel), for appellant.

Andrew B. Cooney, for respondent.

SMITH, J. The plaintiff brought this action upon a note executed by the defendant upon August 24, 1894, payable three years from the date thereof. The defendant answered by pleading the statute of limitations as a defense to the plaintiff's cause of action, and by asserting a counterclaim upon a note executed by the plaintiff for the sum of $245, with interest, upon which certain payments had been made. The justice before whom the action was tried overruled the defendant's defense of the statute of limitations, and found that there was due to the plaintiff upon the note upon which the complaint was made the full amount thereof. He also found the plaintiff indebted to the defendant upon the counterclaim asserted in the answer in an amount greater than the moneys due upon the defendant's note to plaintiff. Judgment was thereupon given in favor of the defendant for the sum of $66.25 damages, and $1.90 costs, making a total of $68.15. The defendant thereupon appealed, claiming that his judgment was insufficient, upon the ground that the justice should not have overruled his defense of the statute of limitations to the plaintiff's claim. The sole question for determination here is upon the validity of this defense.

The note upon which plaintiff sued became due upon August 24, 1897. The defendant swore upon the trial: That at the time the note became due he lived in the town of Moira, Franklin county. Afterwards he went to Montreal. He went upon May 24, 1898, and returned December 24, 1898. Again he returned to Montreal the next week after December 24, 1898, and returned to Moira the following July or August. That he was in Moira two or three days in the winter of 1899. He was then asked for what period of time he had been permanently engaged in business in Montreal, Canada. He answered: "From the time I left Moira, May 29, 1898, until now. I have been working in a shirt factory. I cannot give any particular date when I returned to Moira. Whenever I came home it was on a visit." Upon cross-examination he swore that before Christmas, 1901, he came home, and stayed until the 1st day of June, 1902, when he returned to Montreal. "I returned to Moira in July or August, 1899, and I was in Moira in December, 1899. I generally stayed two or three days. I was also in Moira in July or August and in December, 1900. I was also in Moira in July or August and in December in 1901 and in 1902. I resided in Moira for about six months. I was in Moira four days in December, 1902. I was in Moira in 1903 in August and December last. I never stayed less than two days when I came home. I am a single man, and my father and mother reside in Moira. I have always made

my home with my father and mother, only when away." He after-
wards swore than when he remained at home for six months he was
sick at home.

The foregoing is substantially all of the testimony upon the ques-
tion of the defendant's nonresidence or absence from the state. It
would seem to me to establish beyond controversy that from May,
1898, he was a resident of the city of Montreal, making occasional
visits only to the United States. It is not necessary here to dis-
cuss the history of section 401 of the Code of Civil Procedure. As
the section now reads, if, after the cause of action has accrued against
a person, "he departs from the state and remains continuously absent
therefrom for the space of one year or more," the time of his ab-
sence is not a part of the time limited for the commencement of the
action. In Connecticut Trust & S. D. Co. v. Wead, 172 N. Y. 497,
65 N. E. 261, 92 Am. St. Rep. 756, this section was construed. At
the time of that decision it read, "If after the cause of action has
accrued against a person he departs from and resides without the
state, and remains continuously absent therefrom for the period of
a year." It was there held that continuous absence from the state
was not interrupted by occasional visits to the state. By the force
of this authority, it must be held that, notwithstanding the occa-
sional visits of the defendant to the state of New York, he was,
within the meaning of the Code provision, "continuously absent"
from the state from May, 1898, until after the commencement of the
action.

Moreover, the purpose of this section would seem to require this
interpretation. The plaintiff did not reside in Moira, the place
within the state to which the defendant made his visits. With the
exception of one period of six months, when he was sick, his visits
were from two to three days only. It would have been practically
impossible to procure personal service of the summons without the
keeping of a detective in constant watch. Under the rules govern-
ing substituted service upon residents of the state, such service could
not at the time have been procured upon the defendant. If the
defendant's construction of this provision of the Code be upheld,
the plaintiff has not had six years' residence of the defendant with-
in the state in which to commence his action, within a fair meaning
of the right given him by the Code. Upon the defendant's own
evidence, we are of opinion that, after the cause of action accrued
in behalf of the plaintiff, he was continuously absent from the state
for more than a year, and for such a length of time that the statute
of limitations had not run at the time of the commencement of this
action, and that the County Court was in error in reversing the
judgment of the justice of the peace so holding.

The judgment of the County Court must therefore be reversed,
and that of the justice affirmed, with costs in this court and in the
County Court. All concur.