WILLIAM S. LAWRENCE, Appellant, *v.* WILFRED P. HOGUE, Respondent.

*Statute of Limitations — when, notwithstanding occasional visits in the State of New York, a debtor "remains continuously absent" from the State.*

Under section 401 of the Code of Civil Procedure, which provides that if, after a cause of action has accrued against a person, "he departs from the State and remains continuously absent therefrom for the space of one year or more," the time of his absence is not a part of the time limited for the commencement of the action, the fact that a person, after removing to Canada, made occasional visits to the State of New York, which visits were only of a few days' duration, with the single exception that on one occasion, being ill, he remained in the State of New York for a period of six months, does not affect the continuous character of his absence from the State of New York.

APPEAL by the plaintiff, William S. Lawrence, from a judgment of the County Court of Franklin county in favor of the defendant, entered in the office of the clerk of the county of Franklin on the 17th day of October, 1904, reversing, on the ground that it was insufficient in amount, a judgment of a justice of the peace of the town of Moira, Franklin county, in favor of the defendant, entered on the 8th day of January, 1904, and granting a new trial.

*Willard J. Saunders,* for the appellant.

*Andrew B. Cooney,* for the respondent.

SMITH, J. :

The plaintiff brought this action upon a note executed by the defendant upon August 24, 1894, payable three years from the date thereof. The defendant answered by pleading the Statute of Limitations as a defense to the plaintiff's cause of action, and by asserting a counterclaim upon a note executed by the plaintiff for the sum of $245, with interest, upon which certain payments had been made. The justice before whom the action was tried overruled the defendant's defense of the Statute of Limitations, and found that there was due to the plaintiff upon the note upon which the complaint was made the full amount thereof. He also found the plaintiff indebted to the defendant upon the counterclaim asserted in the answer in an amount greater than the moneys due upon the defendant's note to plaintiff. Judgment was thereupon given in favor of the defendant for the sum of $66.55 damages and $1.90 costs, making a total of $68.45. The defendant thereupon appealed, claiming that his judgment was insufficient upon the ground that the justice should not have overruled his defense of the Statute of Limitations to the plaintiff's claim. The County Court sustained the defense of the Statute of Limitations. The sole question for determination here is upon the validity of this defense.

The note upon which plaintiff sued became due upon August 24, 1897. The defendant swore upon the trial that at the time the note became due he lived in the town of Moira, Franklin county. Afterwards he went to Montreal; he went upon May 24, 1898, and returned December 24, 1898. Again he returned to Montreal the next week after December 24, 1898, and returned to Moira the following July or August; that he was in Moira two or three days in the winter of 1899. He was then asked for what period of time he had been permanently engaged in business in Montreal, Canada. He answered, "From the time I left Moira, May 29th, 1898, until now. I have been working in a shirt factory ; I cannot give any particular date when I returned to Moira. Whenever I came home it was on a visit." Upon cross-examination he swore that before Christmas, 1901, he came home and stayed until the 1st day of June, 1902, when he returned to Montreal. "I returned to Moira in July or August, 1899, and I was in Moira in December, 1899. I generally stayed two or three days. I was also in Moira in July or August,

and in December, 1900 ; I was also in Moira in July or August and December, 1901, and in 1902. I resided in Moira for about six months. I was in Moira four days in December, 1902. I was in Moira in 1903 in August and December last; I never stayed less than two days when I came home. I am a single man and my father and mother reside in Moira. I have always made my home with my father and mother — only when away." He afterwards swore that when he remained at home for six months he was sick at home.

The foregoing is substantially all of the testimony upon the question of the defendant's non-residence or absence from the State. It would seem to me to establish beyond controversy that from May, 1898, he was a resident of the city of Montreal, making occasional visits, only, to the United States. It is not necessary here to discuss the history of section 401 of the Code of Civil Procedure. As the section now reads, if, after the cause of action has accrued against a person, " he departs from the State and remains continuously absent therefrom for the space of one year or more," the time of his absence is not a part of the time limited for the commencement of the action. In *Connecticut Trust & S. D. Co.* v. *Wead* (172 N. Y. 497) this section was construed. At the time the cause of action therein accrued it read, " If after a cause of action has accrued against the person he departs from and resides without the State, *and* remains continuously absent therefrom for the space of one year or more." (See Laws of 1888, chap. 498.) It was there held that continuous absence from the State was not interrupted by occasional visits to the State. By the force of this authority it must be held that notwithstanding the occasional visits of the defendant to the State of New York, he was, within the meaning of the Code provisions, " continuously absent " from the State from May, 1898, until the commencement of the action.

Moreover the purpose of this section would seem to require this interpretation. The plaintiff did not reside in Moira, the place within the State to which the defendant made his visits. With the exception of one period of six months when he was sick his visits were from two to three days only. It would have been practically impossible to procure personal service of the summons without the keeping of a detective in constant watch. Under the rules govern-

ing substituted service upon residents of the State, such service could not at the time have been procured upon the defendant. If the defendant's construction of this provision of the Code be upheld the plaintiff has not had six years' residence of the defendant within the State in which to commence his action within a fair meaning of the right given him by the Code. Upon the defendant's own evidence we are of opinion that after the cause of action accrued in behalf of the plaintiff, he was continuously absent from the State for more than a year, and for such a length of time that the Statute of Limitations had not run at the time of the commencement of this action, and that the County Court was in error in reversing the judgment of the justice of the peace so holding.

The judgment of the County Court must, therefore, be reversed and that of the justice affirmed, with costs in this court and in the County Court.

All concurred.

Judgment of the County Court reversed and judgment of the justice affirmed, with costs in the County Court and in this court.