IRVING J. BUTWINICK, Plaintiff, *v.* " SIMON " B. FINK, First Name " Simon " Being Fictitious, Real First Name Unknown to Plaintiff, Also Known as CY BERNARD, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 12, 1932.

*Benjamin M. Altschuler*, for the plaintiff.

*Reit & Kamonsky* [*Leo Eckman* of counsel], for the defendant.

LEWIS, DAVID, C., J.  On the 25th day of July, 1921, and the 1st day of November, 1921, respectively, the defendant executed two promissory notes to the order of the plaintiff, said notes falling due respectively on the 25th day of September, 1921, and 1st day of January, 1922.

The notes have never been fully paid; hence this action.

It is admitted that at the time of the execution of the notes both parties were residents of the State of Minnesota; that in January, 1924, the defendant left Minnesota and did not return; that in or about July, 1924, the defendant became a resident of the State of New York and since that time has been continuously a resident of this State, though not continuously remaining within its borders.

For it appears that in about 1929 the defendant went to Detroit, Mich., where he was thereafter constantly employed for more than a year, and that he was absent from this State for a continuous period in excess of one year, except possibly for some brief visits to New York.

Unless the running of the Statute of Limitations was interrupted, both sides admit that this action is barred.

Statutory provisions as well as legal precedents plainly pronounce the rule that it is not non-residence, but continuous absence from our State that may affect the tolling of the statute.  In other words, the continuous absence of a resident may be sufficient to work the tolling of the statute.

Casual visits by an absent resident of New York will not necessarily destroy the continuity of his absence within the meaning of the term " continuous," as the same is used in the statute (Civ. Prac. Act, § 19).  (*Conn. Trust & S. D. Co.* v. *Wead*, 172 N. Y. 497.)

Mindful of the character of such a defense, our courts in its application favor the claimant.

This matter is tersely yet thoroughly discussed and determined by the Court of Appeals in *Mack* v. *Mendels* (249 N. Y. 356).

Upon the entire case, I have concluded that the defendant's absence from the State tolled the running of the statute and the defendant cannot in this instance claim the immunity of the statute, and that the plaintiff should recover.

Judgment for plaintiff.  Ten days' stay.