MANUFACTURERS TRUST COMPANY *v.* A. H. JOHNSON

(No. 7952)

Submitted November 21, 1934. Decided December 4, 1934.

*Owen, Silverstein & Davis,* for plaintiff in error.
*Koontz, Hurlbutt & Revercomb,* for defendant in error.

HATCHER, JUDGE:

This proceeding involves the construction of the New York statute of limitations. Action herein was brought

in Kanawha County on May 17, 1932. Recovery is sought of principal and interest on two notes executed by defendant in New York City on June 1 and 19, 1925, respectively. The first note was payable on demand and the second in sixty days. Both were payable in New York. The defendant plead the statute of limitations which in New York is six years on such instruments. The plaintiff replied that the bar should not apply because during the six years next after plaintiff's several rights of action had arisen, the defendant had been absent from New York continuously for more than a year. Evidence was taken on his plea by defendant (only) and the case submitted to the court in lieu of a jury. From a decision in favor of the defendant plaintiff secured writ of error.

The defendant testified that he had resided in New York City since the note was executed; that he came to Charleston, West Virginia, on business the latter part of May, 1931, upon what he thought would be a two weeks trip, but that his business detained him in Charleston until in June, 1932; that between May, 1931, and June, 1932, he returned to New York City five or six times for periods of one to two weeks each; that on such trips he stayed at various hotels; and that in 1932 he paid in New York an income tax for the year 1931.

The West Virginia Code 1931, 55-2-17, provides as follows: "And upon a contract which was made and was to be performed in another state or country, by a person who then resided therein, no action shall be maintained after the right of action thereon is barred, either by the laws of such state or country or by the laws of this state." Under that provision we must look to the New York statutes to determine whether or not this action is barred.

The New York Code of Civil Procedure, section 382, limits an action on a note to six years. That Code, section 401, provides the following exception: "If after the cause of action has accrued against a person he departs from the state and remains continuously absent therefrom for the space of one year or more, * * * the time of

such absence * * * is not a part of the time limited for the commencement of the action."

The defendant would seemingly make residence out of the state a test of the exception to the statute. Foreign residence and absence from the state were both requisite to allay the statute prior to 1896. But the statute was changed then and only absence is required now.

He claims that he was not continuously absent from New York a year and that the statute requires unbroken absence, citing *Costello* v. *Downer*, 46 N. Y. S. 713. That case simply reiterates the words of the statute ("continuously absent," etc.), and does not disturb a harmonious line of decisions in New York against defendant's contention. In *Burroughs* v. *Bloomer*, 5 Denio (N. Y.) 532, decided in 1848, (when both residence and absence were required under the exception), it was held: "Where a cause of action accrues against a resident of this state who subsequently removes to a foreign state, the statute of limitations does not apply to any portion of the time he resides out of the state, notwithstanding he may frequently return to this state on business." That decision was approved in *McCord* v. *Woodhull*, 27 Howard's Pra. Rep. (N. Y.) 54, (decided in 1864), and in *Bassett* v. *Bassett*, 55 Barb. (N. Y.) 505 (decided in 1870), wherein the court said: "The object of the exception in the statute was to give the creditor the whole of six years residence in the state within which to commence his action. He is not obliged to follow the debtor to another state; nor is he called upon to watch him to ascertain whether he comes into the state for a temporary purpose so long as his residence is elsewhere." A like pronouncement was made in *Martin* v. *Platt*, 51 Hun. (N. Y.) 429, 437 (decided in 1889). In 1902 (after the requirement of residence was omitted from the exception) the ruling in *Bassett* v. *Bassett, supra,* was approved as "correct" in *Connecticut Co.* v. *Wead*, 172 N. Y. 497, 503, the court saying that the amendments to the statute "did not alter the rule * * * that casual visits to the state do not destroy the continuity of the absence." And in *Lawrence* v. *Hogue*, (the latest case in point we found) 93 N. Y. Supp.

998, 1000 (decided in 1905), *Connecticut Co.* v. *Wead* was referred to and followed, the court saying: "By the force of this authority it must be held that, notwithstanding the occasional visits of the defendant to the state of New York, he was within the meaning of the Code provision, *continuously absent*," etc.

Under the New York decisions, the continuity of defendant's absence from New York between May, 1931, and June, 1932, was not broken by his occasional visits there. He was absent for more than a year. The six-year period would have expired June 1, 1931, on the first note, and August 18, 1931, on the second note. Neither of those periods had expired when defendant left New York in May, 1931. This action was brought while the two periods were tolled, and is therefore not barred.

The judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*